SWANN, Judge.
This is an appeal by Sol Atlas, the plaintiff below, from a final judgment entered for the defendants in a non-jury case.
The complaint alleged that the plaintiff was injured when the defendant, Luis Siso, ■drove the automobile owned by the defendant, Henriequeta Siso, into the rear of the plaintiffs automobile which was stopped for a traffic device, causing him injury and damages. The defendants’ answer denied negligence and alleged that the collision was caused by a sudden and unexpected failure ■of brakes “without warning.”
At the pre-trial conference, the trial court required each party to furnish in writing the names and addresses of any additional witnesses not listed at that time, to opposing counsel at least five days prior to trial. The court stated, “If the above is not complied with, the witnesses will not be allowed to testify at the time of trial.”
During the plaintiff’s case at trial there was testimony concerning the defective condition of the brakes. At the conclusion of the defendants’ case, the plaintiff called a witness whom he designated as a “rebuttal” witness. The defendants objected to his testimony on the ground that his name was not listed in accordance with the pre-trial order. The objection was sustained. The proffered testimony was to the effect that brakes cannot suddenly become defective without giving some notice to the operator.
The plaintiff was offered the opportunity to take a voluntary dismissal without prejudice if he deemed this testimony essential to his case, but he declined and elected to proceed without the testimony of the “rebuttal” witness. The plaintiff suffered an adverse judgment from the trial court, and on appeal has claimed reversible error in the denial of the “rebuttal” witness’ testimony.
The rule is clear that a trial court may, in the proper exercise of its discretion, exclude testimony at trial of witnesses whose names are not disclosed, in accordance with orders at pre-trial conferences. The trial court record failed to demonstrate that it was an abuse of the broad discretion and authority of the court for the proper conduct of the litigation to refuse to receive testimony of a witness for the plaintiff whose name was not included on the witness list filed by the plaintiff at the pre-trial conference. Henningsen v. Smith, Fla.App.1965, 174 So.2d 85; Rose v. Yuille, Fla.1956, 88 So.2d 318.
The plaintiff also contends that he is not required, by a pre-trial order, to list the names of “rebuttal” witnesses because he does not know.what evidence may be brought out by the defendant, and that such witnesses would only testify in opposition to any matters brought out by the defendants.
This argument has no merit in the instant cause, because the plaintiff brought out testimony concerning the failure of the brakes without prior warning during his case in chief. After the defendants’ expert mechanic had testified, the plaintiff attempted to present the testimony of the undisclosed “rebuttal” witness, and it is apparent that he was not a “rebuttal” witness to any new or surprise testimony brought out by the defendants. See Driscoll v. Morris, Fla.App.1959, 114 So.2d 314.
We affirm the judgment of the trial court and hold that there was no surprise requiring the testimony of an unnamed witness in rebuttal, inasmuch as the question of brake failure was an issue disclosed by the pleading, and no abuse of discretion has been shown which would constitute reversible error.
The judgment appealed from is
Affirmed.