305 So.2d 294 (1974)
Marie REYNOLDS and Josh Reynolds, Petitioners,
v.
Robert HOFMANN, Respondent.
No. 74-520.
District Court of Appeal of Florida, Third District.
December 31, 1974.
Heiman & Crary, and William A. Meadows, Jr., Miami, for petitioners.
Frates, Floyd, Pearson, Stewart, Proenza & Richman and Phillip E. Walker, Miami, for respondent.
Before HENDRY, HAVERFIELD and NATHAN, JJ.
PER CURIAM.
By way of petition for writ of certiorari, appellants seek review of an order denying their motion to compel.
Plaintiff-appellee, Robert Hofmann, in the summer of 1973 filed an action for slander against the defendants-appellants, Marie and Josh Reynolds. Defendants filed a counterclaim alleging a conspiracy to cheat and defraud.
On or about May 30, 1973, the plaintiff, the defendants and several witnesses met at the apartment of Mrs. Connie Dinkler, a mutual friend. This meeting was held in anticipation of the possibility of litigation and in an effort to settle the difficulties prior to any court action. Plaintiff, after *295 informing all those in attendance, made a contemporaneous tape recording of this meeting. During pretrial discovery, defendants-appellants requested that plaintiff produce this tape. Plaintiff-appellee objected to the production thereof and thereupon defendants filed a motion to compel discovery. After hearing oral argument thereon the trial judge denied defendants' motion to compel discovery and held that the tape recording was work product and, therefore, not discoverable provided that counsel for plaintiff limit the use of the tape for impeachment purposes at trial. Thereupon, appellants filed the instant petition for writ of certiorari.
Appellants contend that the tape recording of the conversation between the parties to this law suit is not work product and, therefore, discoverable. We agree.
One of the primary purposes of pretrial discovery is to discover evidence relevant and pertinent to the triable issues pending before the court so that the litigation should no longer proceed as a game of "blind man's bluff." Jones v. Seaboard Coast Line Railroad Company, Fla.App. 1974, 297 So.2d 861.
Hereunder, we first must dispose of plaintiff-respondent's argument that the instant tape recording is work product and thus privileged. Generally, the following has been categorized as work product and, therefore, absent rare and exceptional circumstances, cannot be examined: personal views of an attorney as to how and when to present evidence, his evaluation of its importance, his knowledge of which witness will give certain testimony, personal notes and records as to witnesses, jurors, legal citations, proposed arguments, jury instructions, diagrams and charts he may refer to at trial for his convenience, but not to be used as evidence. Surf Drugs, Inc. v. Vernette, Fla. 1970, 236 So.2d 108. The subject tape of the conversation of the parties in the case sub judice does not fall into any of the above categories and therefore we find that the recording is not privileged.
Regarding unprivileged matter the following portions of RCP 1.280(b) are applicable to the case at bar:
"(b) Scope of Discovery. Unless otherwise limited by order of the court in accordance with these rules, the scope of discovery is as follows:
"(1) In General. Parties may obtain discovery regarding any matter, not privileged, that is relevant to the subject matter of the pending action,...
"(2) Trial Preparation: Materials
* * * * * *
Without the required showing a party may obtain a copy of a statement concerning the action or its subject matter previously made by that party... . For purposes of this paragraph, a statement previously made is a written statement signed or otherwise adopted or approved by the person making it, or a stenographic, mechanical, electrical, or other recording or transcription of it that is a substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded."
Pursuant to the above rule and in light of the purpose of pretrial discovery, we have determined that the tape recording of the conversation between the parties should be made available to the petitioner-appellants.
Accordingly, the petition for writ of certiorari is granted and the order denying the motion to compel is quashed.
It is so ordered.