307 So.2d 461 (1975)
Claire M. SPENCER et al., Petitioners,
v.
Lillian M. BEVERLY and A.D. Beverly, Her Husband, Respondents.
No. 74-945.
District Court of Appeal of Florida, Fourth District.
February 7, 1975.
Marjorie D. Gadarian, Jones, Paine & Foster, West Palm Beach, for petitioners.
Terry N. Freeman, Beverly & Freeman, West Palm Beach, for respondents.
PER CURIAM.
Certiorari denied.
CROSS and MAGER, JJ., concur.
DOWNEY, J., specially concurs, with opinion.
DOWNEY, Judge (specially concurring).
The defendants in a personal injury case have petitioned for a writ of certiorari to review an order of the trial court requiring petitioners to answer eight interrogatories pertaining to surveillance movies of respondent Lillian M. Beverly.
It appears that petitioners answered interrogatory number one acknowledging that they had taken surveillance movies, but they objected to the remaining interrogatories. While many of the interrogatories pertain to the date and place of taking the type of equipment used, the amount of footage and the custodian thereof, the most telling interrogatory requires the respondents to state what activities are portrayed in said movies. Respondents objected to the unanswered interrogatories on the ground that the information was privileged as work product but the court directed they be answered.
The trial court noted that petitioners intended to use the movies solely for impeachment *462 purposes, a reason for precluding discovery which was rejected in a recent case from the Third District Court of Appeal. Reynolds v. Hofmann, Fla.App., 305 So.2d 294, 1974. The trial court held that where a litigant reasonably anticipates he may use surveillance movies for impeachment they should be subject to discovery. In Surf Drugs, Inc. v. Vermette, Fla. 1970, 236 So.2d 108, the court stated:
"What constitutes `work product' is incapable of concise definition adequate for all occasions. Generally, those documents, pictures, statements and diagrams which are to be presented as evidence are not work products anticipated by the rule for exemption from discovery. Personal views of the attorney as to how and when to present evidence, his evaluation of its relative importance, his knowledge of which witness will give certain testimony, personal notes and records as to witnesses, jurors, legal citations, proposed arguments, jury instructions, diagrams and charts he may refer to at trial for his convenience, but not to be used as evidence, come within the general category of work product."
Rule 1.280(b)(1), RCP, makes all matter relevant to the subject matter of the pending action subject to discovery unless it is privileged. The work product of counsel is generally considered to be privileged and not subject to discovery unless unusual circumstances demand its production. 8 Wright & Miller, Federal Practice and Procedure: Civil §§ 2021-2034. If matter is to be introduced into evidence, it is not privileged as work product. Surf Drugs, Inc. v. Vermette, supra.
Much confusion exists as a result of the attempt to differentiate between substantive evidence and impeachment evidence. For example, here the movies are described by petitioner as impeachment evidence and therefore not subject to discovery. However, if they are at all effective will they not also be substantive evidence going directly to the petitioners' injuries and damages? Thus, it seems to me it is time to articulate a rule everyone can understand and use as a guide, namely: if a party possesses material he expects to use as evidence at trial, that material is subject to discovery. Cf. Hughes v. Groves, 47 F.R.D. 52, 56 (W.D.Mo. 1969). Of course, the converse of that is not necessarily true. If a party possesses matter that is relevant or material to the case but does not intend to use it at trial, it may or may not be the subject of discovery, depending upon whether it is privileged as work product.
The discovery rules were enacted to eliminate surprise, to encourage settlement, and to assist in arriving at the truth. Surf Drugs, Inc. v. Vermette, supra. If that be the acknowledged purpose of those particular rules, then any evidence to be used at trial should be exhibited upon proper motion. The weight of authority is that photographs and movies are not considered work product and are discoverable. Hughes v. Groves, supra; 4 Moore's Federal Practice, § 26.63; Martin v. Long Island Railroad Company, 63 F.R.D. 53 (E.D.N.Y. 1974). In the Martin case the court reviewed some of the many cases going both ways on the subject. It found the weight of authority held that surveillance movies are subject to discovery if they are to be used at the trial for any purpose. This is the thrust also of the trial judge's holding in this case.
Accordingly, I concur in the denial of the writ of certiorari.