347 So.2d 641 (1977)
Edward T. CORACK, Appellant,
v.
TRAVELERS INSURANCE COMPANY, Appellee.
No. 76-1439.
District Court of Appeal of Florida, Fourth District.
May 20, 1977.
Frank Henry Molica, Merritt Island, for appellant.
Barbara Kane, of Smalbein, Eubank, Johnson, Rosier & Bussey, P.A., Rockledge, for appellee.
ANSTEAD, Judge.
The appellant, Edward T. Corack, is appealing from an adverse jury verdict claiming error by the trial court in denying pretrial discovery of surveillance films used as evidence by the appellee, Travelers Insurance Company. We find prejudicial error and reverse.
Corack filed suit against Travelers claiming benefits under a disability insurance policy. Prior to trial, a pretrial order was entered requiring the disclosure of all exhibits to be used at trial. Travelers listed 150 feet of surveillance films of Corack. Upon motion the trial court overruled an objection by Travelers that the film was work product and ordered the films produced for Corack's counsel to inspect. Travelers then claimed the films did not really exist and none were produced.
Thereafter, the trial was continued and another judge assigned to the case. Both parties filed supplements to their original lists of exhibits but surveillance film was not listed again by Travelers. Approximately one week before trial Travelers' counsel notified Corack's counsel that he now had surveillance film which he intended to use at trial. Corack filed a motion seeking the production of said film before trial but the trial court denied the motion. Corack then made an oral motion in limine before the start of the trial seeking to exclude the film because it had not been previously disclosed on a pretrial list or produced for inspection. The trial court denied the motion and stated:
"Well, you see the Defendant has a little advantage there because he is entitled to impeach the credibility of witnesses and that is not substantive evidence, but he is entitled to rebut when it comes up in the trial depending on how the witness testified, either lay a predicate or impeaching material or not."
Subsequently, the film was admitted into evidence over Corack's objection, the trial court finding "that they meet the test of being a rebuttal not simply evidence which would have been found at some prior time." The film and the private investigator who took it were the chief evidence presented and relied on by Travelers. The jury returned a verdict for Travelers.
At a hearing on a motion for new trial the trial judge observed that he probably *642 would have granted a motion for continuance if Corack had asked since there was no question but that the film constituted surprise and was devastating to Corack's case. The motion for new trial was denied.
We find that the trial court erred in failing to order the pretrial production of the surveillance film and that the error was prejudicial. We further find that Corack is not estopped to claim error by his failure to move for a continuance since he had already been denied pretrial discovery of the films on the basis that the films were "rebuttal" or "impeachment" evidence. A continuance would be of no avail if the films were not subject to pretrial discovery. These rulings by the trial court were contrary to this court's decision in Spencer v. Beverly, 307 So.2d 461 (Fla. 4th DCA 1975)[1] which ruled that the contents of surveillance films were subject to pretrial discovery. Judge Downey, in a special concurring opinion, set out the reasoning behind the ruling:
Much confusion exists as a result of the attempt to differentiate between substantive evidence and impeachment evidence. For example, here the movies are described by petitioner as impeachment evidence and therefore not subject to discovery. However, if they are at all effective will they not also be substantive evidence going directly to the petitioners' injuries and damages? Thus, it seems to me it is time to articulate a rule everyone can understand and use as a guide, namely: if a party possesses material he expects to use as evidence at trial, that material is subject to discovery. Cf. Hughes v. Groves, 47 F.R.D. 52, 56 (W.D. Mo. 1969). Of course, the converse of that is not necessarily true. If a party possesses matter that is relevant or material to the case but does not intend to use it at trial, it may or may not be the subject of discovery, depending upon whether it is privileged as work product.
The discovery rules were enacted to eliminate surprise, to encourage settlement, and to assist in arriving at the truth. Surf Drugs, Inc. v. Vermette, supra. If that be the acknowledged purpose of those particular rules, then any evidence to be used at trial should be exhibited upon proper motion. The weight of authority is that photographs and movies are not considered work product and are discoverable. Hughes v. Groves, supra; 4 Moore's Federal Practice § 26.63; Martin v. Long Island Railroad Company, 63 F.R.D. 53 (E.D.N.Y. 1974). In the Martin case the court reviewed some of the many cases going both ways on the subject. It found the weight of authority held that surveillance movies are subject to discovery if they are to be used at the trial for any purpose. This is the thrust also of the trial judge's holding in this case.
Corack was entitled to the production of the films and was denied that right although a previous trial judge had ordered the production of the same type film. The prejudicial effect of the films is best established by the trial court's comments at the hearing on the motion for new trial.
Accordingly, it is ordered that the final judgment is hereby reversed, and this cause is remanded for a new trial.
CROSS and DAUKSCH, JJ., concur.
NOTES
[1] Also see Reynolds v. Hofmann, 305 So.2d 294 (Fla.3d DCA 1974).