PER CURIAM.
The controlling question on this appeal is whether the plaintiffs in a personal injury action were entitled to the discovery of surveillance films under Florida Rule of Civil Procedure 1.280. The plaintiffs rely for reversal upon Corack v. Travelers Insurance Company, 347 So.2d 641 (Fla. 4th DCA 1977); and Spencer v. Beverly, 307 So.2d 461 (Fla. 4th DCA 1975).
This court has held that surveillance films may constitute work product and may be excluded from discovery on that basis. See Collier v. McKesson, 121 So.2d 673 (Fla. 3d DCA 1960). We hold that the refusal of the trial court to require the production of the films does not present error. See Seaboard Air Line R. Co. v. Timmons, 61 So.2d 426 (Fla.1952); and Nationwide Insurance Company, Pinellas County v. Monroe, 276 So.2d 547 (Fla. 2d DCA 1973).
Appellants’ point claiming error upon the ground that a protective order, which prevented the taking of the deposition of an investigator who took the films, was too broad does not show error on this record. It is clear that the appellants’ sole purpose was to get the films to prevent surprise at the trial. The need for collateral information from the investigator was not presented to the trial judge and has not been adequately presented here. Cf. Surf Drugs, Inc. v. Vermette, 236 So.2d 108 (Fla. 1970).
A third point based on the trial court’s failure to declare a mistrial due to a comment of the appellees’ attorney does not show reversible error. See the rule stated in Marshall v. State, 54 Fla. 66, 44 So. 742.[1] *414 Cf. McKinney Supply Company v. Orovitz, 96 So.2d 209 (Fla.1957).
The fourth point, directed to the failure of the court to give an instruction, does not show error. See Adelhelm v. Dougherty, 129 Fla. 680, 176 So. 775, 777 (1937); and Fla.R.Civ.P. 1.470(b).
Affirmed.

. “Even if this testimony is not of matters forming a part of the res gestae, and therefore admissible, it had already been brought out by the defendants, and they cannot object to its repetition when no harm is shown from the repetition.” 44 So. at 743.