PER CURIAM.
This is an appeal by a liability insurance carrier from a judgment holding it liable for judgments against its insured which were in excess of the policy limits.
The Albrizas, insured by Safeco, were involved in an automobile accident, which resulted in personal injury claims by claimants, Sotas and Acostas. Safeco then filed a declaratory judgment action to determine its liability. The Albrizas counterclaimed to recover the amount of the judgments entered against them. The Sotas and Acos-tas filed a separate action against Safeco to collect the judgments secured against the Albrizas. These actions were tried together and resulted in a judgment against Safeco for the full amounts of the judgments originally awarded the claimants against Safe-co’s insureds, the Albrizas. The Sotas and Acostas were also awarded attorneys’ fees for prosecution of the action against Safeco. The Albrizas were awarded attorney’s fees also, and their claim against Safeco was settled during the pendency of this appeal.
Initially, Safeco claims error in the trial court’s failure to give the following requested instruction:
In order for Safeco Insurance Company to be liable for the excess amount of the judgments against its insured, the Albri-zas, Safeco Insurance Company must have been given an opportunity by the injured parties to settle all claims within the limits of its insured’s policy.
Instead, the trial court gave this instruction:
In order for Safeco to be guilty of bad faith, there must have been an opportunity for settlement within the policy limits.
*806 While we agree there is some difference between-the two instructions, we conclude that the instruction given was substantially the same as the instruction requested and we find no error in the failure of the trial court to instruct the jury in the exact language requested by Safeco. Indeed, at trial, contrary to Safeco’s argument on appeal, Safeco’s counsel substantially agreed to the trial court’s revision of the instruction and stated:
We. would request it be given as you amended it, in order for Safeco Insurance Company to be guilty of bad faith, Safeco Insurance Company must have been given an opportunity by the injured parties to settle all claims within the limits of its insured policy. You might want to delete “by injured parties” but they must have been given an opportunity to settle all claims within the limits of its insurance policy.
Safeco also asserts that an “offer” to settle, rather than an “opportunity” is required before liability could be imposed upon it for an excess judgment. However, since Safe-co requested and received an instruction on “opportunity”, rather than “offer”, we need not decide that issue. The instruction given was in substantial accord with appellant’s request, and we find no error therein.
Secondly, we find no error in the failure of the trial court to admit into evidence a letter from claimants’ original personal attorney to claimants’ own insurance carrier’s attorney, in regard to representation of the claimants and the carrier’s sub-rogation rights following an uninsured motorist recovery. Safeco asserts that the letter would establish the fact that claimants were represented by other counsel at a time when an alleged settlement offer was made. However, the identities of counsel and dates of representation were established by other evidence. In addition, Safeco claims the letter would show that claimants would not themselves recover anything if Safeco had paid its policy limits to the claimants’ uninsured motorist carrier. That fact too was established by other evidence. All of these matters were in evidence and argued to the jury.
Finally, Safeco asserts that the trial court erred in awarding attorneys’ fees to the claimants’ attorneys. The Supreme Court has held in Roberts v. Carter, 350 So.2d 78 (Fla.1977):
To eliminate any remaining confusion, we now reaffirm Wilder [Wilder v. Wright, 278 So.2d 1 (Fla.1973)] and hold that an award of attorney’s fees under Section 627.428(1) is available only to the contracting insured, the insured’s estate, specifically named policy beneficiaries, and third parties who claim policy coverage by assignment from the insured. (Id. at 79)
The claimants here are third parties without . a valid assignment and hence, under Roberts, are not entitled to attorneys’ fees.
Accordingly, the judgment for attorneys’ fees awarded to counsel for the Acostas and Sotas is reversed; and the judgment in all other respects is affirmed.
AFFIRMED IN PART AND REVERSED IN PART.
ANSTEAD and LETTS, JJ., and HASTINGS, ALCEE L., Associate Judge, concur.