HENDRY, Judge.
By this appeal we are asked to review the propriety of the final judgment and subsequent order denying a motion for new trial in an action seeking recovery on a disability insurance policy. Appellant’s primary contentions are that the evidence was insufficient to sustain the verdict, the trial court committed prejudicial error during jury trial by refusing to admit certain evidence and by making certain admonishing comments to counsel for appellant in the presence and hearing of the jury.
The evidence sought to be admitted by appellant, plaintiff in the trial court, was (a) a copy of an official letter addressed to appellant from the assistant regional flight surgeon for the Federal Aviation Administration, the subject matter of which was the medical disqualification of appellant as an air traffic control specialist, and (b) the testimony of the assistant regional flight surgeon concerning the precise rules and regulations of the FAA applicable to the matter.
As to the letter written by the assistant regional flight surgeon, both the doctor and the appellant testified at length as to its contents and conclusions. Thus, the error, if any was harmless. See, § 59.041, F.S. (1967). Only material errors which could have caused injustice are reversible errors. Reeder v. Edward M. Chadbourne, Inc., 338 So.2d 271 (Fla. 1st DCA 1976). The Federal Aviation Administration rules and regulations are important for setting forth the medical standards for qualification as an air traffic controller, however, the doctor was present at trial to give testimony in his official capacity regarding his evaluation of the competency of the appellant to withstand the inherent pressures involved when working as an air traffic controller. We find there was no reversible error on the part of the trial court in its ruling on these matters.
After careful review of the briefs and record as well as having heard argument of counsel, it is our considered opinion that in light of all the evidence presented by both parties at trial, which included live testimony and the admission of medical reports of several physicians, psychiatrists and psychologists, there is substantial competent evidence in the record to support the jury verdict. The court properly entered final judgment for appellee and correctly denied the motion for a new trial. The only thing that would have been accomplished by the granting of a new trial by the lower tribunal would have been to have another jury try the case, which is a manifestly insufficient reason for granting a new trial. Rosenfelder v. Huttoe, 66 So.2d 226 (Fla.1953).
Appellant’s final point cannot be considered on appeal, the record is devoid of any proper and timely objection by counsel as to the claimed prejudicial comments made by the trial judge. Additionally, a review of the particular complained-of comments reveals that they do not constitute fundamental error as improper or unjudicial conduct; since there has been no constitutional or fundamental error the appellant cannot raise this as error for the first time in prosecution of the appeal. Love v. Hannah, 72 So.2d 39 (Fla.1954) and American Home Assurance v. Keller Industries, Inc., 347 So.2d 767 (Fla. 3d DCA 1977).
In conclusion, we find that the evidence is sufficient to support and justify the verdict, and no reversible error has been made to appear; thus, the trial court orders of final judgment and denial of the post-trial motion are hereby affirmed.
Affirmed.