McCORD, Acting Chief Judge.
Petitioners seek a common law writ of certiorari to review an order of the trial court directing them to respond to the following three interrogatories propounded by respondents:
“20. Give the name, business address, home address, and telephone number of any and all investigators which any of the defendants has hired to complete any investigation or surveillance of the plaintiffs herein.
21. Please advise whether such investigators named immediately above, or other persons, have any photographs or moving pictures of the plaintiff.
22. Please give the names and addresses of all persons that have been contacted by said investigator, the substance of any information obtained from said persons, and advise whether or not any of said investigations or conversations were recorded on a tape recorder or other machine.”
The trial court directed that the interrogatories be answered with the exception that petitioners were not required to give the substance of any information obtained from persons contacted by the investigator for respondents. By their petition, petitioners have narrowed the issue for review in relation to the above three questions to the question of whether or not it was error for the trial court to require that they divulge the existence of surveillance films and surveillance information on the respondents, contending that such invades the work product of petitioners. It is our ruling that the existence of surveillance films and the existence of surveillance information is discoverable. Compare Corack v. Travelers Ins. Co., 347 So.2d 641 (Fla. 4 DCA 1977), and Spencer v. Beverly, 307 So.2d 461 (Fla. 4 DCA 1975). The trial court ordered that the substance of any information obtained *115 need not be given and that ruling is not questioned here.
Certiorari denied.
BOOTH and LARRY G. SMITH, JJ., concur.