379 So.2d 660 (1980)
KING PEST CONTROL, Appellant,
v.
Robert Dennis BINGER and Beverly A. Binger, His Wife, Michael Wade Garrison, Unigard Insurance Group and "John Doe" Insurance Company, Appellees.
No. 78-1495.
District Court of Appeal of Florida, Fourth District.
January 16, 1980.
Rehearing Denied February 29, 1980.
*661 Edna L. Caruso, West Palm Beach and Thomas C. Heath of Carey, Dwyer, Cole, Selwood & Bernard, Fort Lauderdale, for appellant.
Arnold R. Ginsberg of Horton, Perse & Ginsberg, and Harry A. Gaines, Miami, for appellees.
DOWNEY, Chief Judge.
In this appeal from a final judgment arising out of an automobile accident appellant contends the trial court erred in 1) allowing appellees to call an unlisted witness during rebuttal, and 2) in denying a motion for new trial because of improper conduct of opposing counsel during the trial and closing argument.
The individual appellees sued appellant in 1976 for damages sustained as a result of an auto accident. The jury assessed appellees' damages at a total of $50,000, but the award to appellees was reduced to $37,500 because of appellees' comparative negligence.
During the pretrial stage of the case the trial court ordered the parties, among other things, to exchange witness lists at least 20 days prior to trial. This order was complied with. However, on March 7, 1978, over a month prior to trial, appellant filed an amended pretrial catalog naming as a witness "Burton Morrow (sic), Ph.D., School of Engineering & Design, Univ. of Miami." On April 13, 1978, four days prior to trial, appellees took Murrow's deposition.
At trial during the presentation of its defense appellant called Murrow as an expert witness in accident reconstruction and he testified to various aspects of the accident, including speed of the vehicles and distances travelled. After appellant had rested, appellees called Daniel R. Wells, a professor of physics, as an expert witness. Appellant objected to the witness because he had not been listed on appellees' pretrial catalog, although he had been employed by appellees several weeks prior to trial and had been afforded an opportunity to study Murrow's deposition testimony. After considerable argument the trial court allowed Wells to testify. The thrust of his testimony was that, given the information and facts which Murrow had pertaining to the accident, Wells could not render an expert opinion regarding distance travelled or the speed of the vehicles.
It is appellant's contention that the trial court committed reversible error in allowing Wells to testify, since appellees had *662 failed to give appellant any notice he might be called. In addition, appellant contends that Wells was not a proper rebuttal witness because his testimony was substantive and should have been adduced during appellees' case in chief. Appellees, on the other hand, assert that Wells' testimony was impeaching rather than substantive testimony and as such it was proper rebuttal and not subject to the requirement that he be listed.
First of all, we disagree with appellant's characterization of Wells' testimony as substantive and thus not proper rebuttal. The entire thrust of Wells' testimony was that the facts and information furnished to Dr. Murrow were insufficient as a predicate to form an expert opinion regarding speed and distance. Thus, his testimony was limited to impeachment of Murrow's opinion. Wells did not testify to any issue made by the pleadings, which is the test to determine whether testimony is substantive and properly adduced during one's case in chief. Hartstone Concrete Products Company v. Ivancevich, 200 So.2d 234 (Fla. 2d DCA 1967).
It appears to us there is still a great deal of confusion regarding the necessity to divulge the names of witnesses. Some authorities seem to suggest that a witness need not be disclosed if he is an "impeachment" witness; others suggest notification of the witness is unnecessary if he is a rebuttal witness;[1] yet others hold that notice of the witness is not required if he is used to respond to new matters or surprise testimony which comes out at trial. In our judgment, none of these characterizations is adequate to furnish practical rules which can be used by the Bench and Bar to resolve this thorny problem in the midst of a trial.
In an effort to articulate workable guidelines we would first look to the rules of procedure. In criminal cases, Florida Rule of Criminal Procedure 3.220 requires the State to furnish the defendant, upon demand, the names and addresses of all persons known to the prosecutor to have information relevant to the offense charged and any defense thereto. Then within seven days after receipt of that list defense counsel must furnish the prosecutor the names and addresses of all witnesses which the defense expects to call. Unlike the current Rules of Civil Procedure there is a continuing duty under the criminal rules to divulge new witnesses or materials. Fla.R.Crim.P. 3.220(f). Under the civil procedure rules the names and addresses of witnesses are obtained either by depositions, interrogatories or pretrial court order. But, regardless of the vehicle used to obtain names of pertinent witnesses, it is now clear that the current rules were enacted "to eliminate surprise, to encourage settlement, and to assist in arriving at the truth." Corack v. Travelers Insurance Company, 347 So.2d 641 (Fla. 4th DCA 1977), cert. denied 352 So.2d 175 (Fla. 1977); Spencer v. Beverly, 307 So.2d 461 (Fla. 4th DCA 1975), cert. denied 314 So.2d 590 (Fla. 1975); Surf Drugs, Inc. v. Vermette, 236 So.2d 108 (Fla. 1970). To paraphrase one court, trial by ambush is a thing of the past, or as the Third District concluded, "... litigation should no longer proceed as a game of `blind man's bluff'".[2] We attempted to comply with the spirit of those rules in Corack, supra, and Spencer, supra, in holding that surveillance movies are subject to discovery if they are to be used at trial. The Third District followed suit in Reynolds, supra, in holding that a tape recording of a meeting was subject to discovery  over objection that the recording was work product only to be used for impeachment.
In this case we are not dealing with a discovery motion, or an inquiry by way of a deposition or interrogatory. We have a court order requiring the parties to exchange the names and addresses of witnesses. It is contended that such an order *663 means disclose only witnesses who will testify to substantive matters, i.e., testimony which bears upon the issues made by the pleadings and does not apply to impeachment or rebuttal witnesses. However, we see no reason why the spirit of the discovery rules should not apply as well to court orders requiring parties to exchange information. Rhetorically, one might ask, if a party must produce a tape or a movie pursuant to a discovery motion even though he intends to use it only for impeachment, why should a party be able to secrete the names of a likely witness because he intends to use him only for impeachment. The purpose of the rule is more nearly accomplished by divulging the information which may likely cause the other parties to settle the case or at least desist from using some questionable evidence than it is by allowing a party to withhold notice of the impeaching witness and then bring him on to obliterate the opponent's case.
Therefore, rather than cast the question in the negative and describe the categories of witnesses who need not be listed on a court ordered witness list, we suggest the list should contain the names and addresses of all persons who, within reason, a party might call as a witness, be they for impeachment, corroboration or to adduce substantive proof, and regardless of the part of the trial in which they might appear. As we see it, the key to the proper administration of such a rule is the trial judge, clothed as he is, with a broad discretion in resolving questions arising during a trial. Williamson Truck Lines Inc. v. Kellar, 301 So.2d 818 (Fla. 3rd DCA 1974); Green v. Shoop, 240 So.2d 85 (Fla. 1st DCA 1970); County of Brevard v. Interstate Engineering Company, 224 So.2d 786 (Fla. 4th DCA 1969); Atlas v. Siso, 188 So.2d 344 (Fla. 3rd DCA 1966). Should either party offer an unlisted witness, objection by the opposition requires the trial judge to determine whether the witness should be allowed. If no prejudice will accrue to the objecting party, the witness should be heard. On the other hand, if the objector will be prejudiced, then the court must determine whether the party offering the witness should have foreseen the eventuality of needing to call the witness. Prejudice, of course, does not mean that the witness will testify favorably to the side calling him. Rather, it means that the objecting party might well have taken some action to protect himself had he timely notice of the witness and that there exist no other alternatives to alleviate the prejudice as suggested in the dissenting opinion in Kilpatrick v. State, supra.
In the case at Bar it appears to us that appellees should have listed Wells on an amended pretrial catalog and that their failure to do so prejudiced appellant. Wells certainly was a witness "within reason" appellee should have foreseen might be called as a witness. He had been employed by appellees several weeks prior to trial, he had reviewed Murrow's deposition testimony, and we have no doubt advised appellee of his conclusion that the facts did not support Murrow's opinion. Had Murrow known what Wells would say he no doubt could have explained more fully how he was able to reach a valid opinion based on the information at hand, which in turn could have made a substantial difference in the jury's conclusion as to fault in this case.
We will only briefly address appellant's other two points, since we have decided the case must be reversed. Appellant complains bitterly about the conduct of appellees' trial counsel both during the trial proper and in final argument. Our examination of the transcript reflects many vitriolic remarks made by appellees' counsel, which resulted in both counsel engaging in extended vituperation. The picture presented by the transcript is a classic example of how lawyers should not conduct themselves in the courtroom. And unfortunately, the trial judge did little to prevent it. Lawyers should be allowed to try their case without undue interference by the presiding judge as long as they conduct themselves appropriately within the confines of ethics and accepted courtroom decorum. But when counsel resort to stump speeches in speaking motions and objections and engage *664 in petulant quarreling with each other they distract the jury from its mission and the trial judge should exercise that degree of control necessary to prevent such unseemly and unprofessional conduct. In these two appellate points reversible error has not been demonstrated because appellant's counsel participated in the offensive conduct during the trial and failed to object during appellees' final argument.
The judgment appealed from is reversed and the cause is remanded for a new trial.
REVERSED AND REMANDED.
ANSTEAD and LETTS, JJ., concur.
NOTES
[1] In Kilpatrick v. State, 376 So.2d 386, Florida Supreme Court 1979, the Supreme Court recently pointed out there is no exception in the rules of criminal procedure for rebuttal witnesses.
[2] Reynolds v. Hofmann, 305 So.2d 294 (Fla. 3rd DCA 1974).