380 So.2d 1070 (1980)
EASTERN STEAMSHIP LINES, INC., and Ares Shipping Corporation, Appellants,
v.
Lamy MARTIAL, Appellee.
No. 79-415.
District Court of Appeal of Florida, Third District.
February 12, 1980.
Rehearing Denied March 25, 1980.
Fowler, White, Burnett, Hurley, Banick & Knight and Frank J. Marston, Miami, for appellants.
*1071 Greene & Cooper and Robyn Greene, William Huggett, Miami, for appellee.
Before HENDRY, BARKDULL and SCHWARTZ, JJ.
PER CURIAM.
Appellants, Eastern Steamship Lines, Inc. and Ares Shipping Corporation, contend that the trial court committed reversible error in refusing to admit certain photographs into evidence at trial and in denying appellants/defendants' motion for mistrial.
The record in this cause reflects that the appellee/plaintiff was injured while working as a plumber aboard the vessel S/S Emerald Seas; he filed suit alleging negligence on the theory that the defendants provided him with defective tools and required him to accomplish a two-man task by himself. The cause proceeded to trial, concluding with a jury verdict and a substantial damages award for the plaintiff.
During the course of the trial, the defendants attempted to introduce twenty-nine (29) photographs of the various fire stations aboard the vessel, which ostensibly depicted the octagonal configuration of the valves upon which the plaintiff had been working at the time of the unwitnessed accident. Although the photographs were not included in the pretrial catalogue and were initially found to be inadmissible on that ground, appellants/defendants assert that the trial court should have permitted them to introduce the photographs into evidence on the subsequently-claimed basis that they constituted impeachment evidence. Plaintiff had consistently maintained that the valve upon which he was working was circular in configuration.
For a proper initial determination of the correctness of the trial court's ruling as to the inadmissibility of the evidence, we must first look to whether the proffered evidence is substantive in nature or solely impeachment material. If the evidence is substantive, then it is required to be listed on the pretrial catalogue; if, however, it is introduced solely for impeachment purposes, it does not necessarily have to be so listed on the pretrial order. Of course where the evidence only becomes pertinent because of prior evidence and does not bear on an issue made by the pleadings, such evidence is for impeachment and the evidence need not be listed. See Corack v. Travelers Insurance Company, 347 So.2d 641 (Fla.4th DCA 1977) and Hartstone Concrete Products Company v. Ivancevich, 200 So.2d 234 (Fla.2d DCA 1967). After reviewing the pleadings and relevant discovery and trial transcripts, we find that the photographs constitute "substantive" evidence; therefore, in order to have been found admissible, they would have had to have been listed on the pretrial catalogue. Additionally, it should be noted that regardless of the possibility that the photographs may also have served to contradict or "impeach" plaintiff's allegation and testimony as to the actual shape of the valves, the defense would, nevertheless, have had a duty to include them on the pretrial catalogue and remit copies to plaintiff's counsel. This is so because certain pretrial procedures cannot be deviated from when particular evidence may have the dual characterization of substantive/impeachment evidence.[1] See Corack, supra.
Therefore, on this point, we find that no reversible error has been demonstrated. Not only was the evidence substantive in nature, and, thus, required to have been listed on the pretrial catalogue, but, when considered in light of the record, we see that it was merely cumulative of other evidence introduced by the defense at trial. Little v. Bankers National Life Insurance Company, 369 So.2d 637 (Fla.3d DCA 1979); Safeco Insurance Company of America v. *1072 Albriza, 365 So.2d 804 (Fla.4th DCA 1978); Walker v. City of Miami, 337 So.2d 1002 (Fla.3d DCA 1976); Hughes v. Canal Insurance Company, 308 So.2d 552 (Fla.3d DCA 1975).
Eastern Steamship Lines and Ares Shipping have also raised the point that their motion for mistrial was erroneously denied; they urge that comments made by plaintiff's counsel[2] during closing argument were so prejudicial to the defense as to have warranted the granting of the defense motion for a mistrial. We agree. While we recognize that the ruling on such a matter rests largely within the sound discretion of the trial court, it is well settled within our body of law that if improper remarks are of such character that neither rebuke nor retraction will destroy their prejudicial and sinister influence,[3] a new trial should be awarded. Baggett v. Davis, 124 Fla. 701, 169 So. 372 (1936); LeReitilley v. Harris, 354 So.2d 1213 (Fla.4th DCA 1978); Stewart v. Cook, 218 So.2d 491 (Fla.4th DCA 1969). Cf. Sharp v. Lewis, 367 So.2d 714 (Fla.3d DCA 1979). From a reading of the pleadings and the recorded testimony at trial, we have discerned that such comments were totally improper, inappropriate and irrelevant to the issues of the cause. They appear to have been made solely for the purpose of raising sympathy for the plaintiff based upon a tragic experience totally outside the realm of materiality in the instant lawsuit. On this point, we reverse and remand the cause for further proceedings consistent with the views expressed herein.
Accordingly, we affirm on the first point and reverse and remand on the second point.
SCHWARTZ, Judge (specially concurring).
Because I believe that our decision will have a much-and-long-needed prophylactic effect upon final arguments in civil cases within this district, see Metropolitan Dade County v. Dillon, 305 So.2d 36 (Fla.3d DCA 1974) (Barkdull, J., dissenting), cert. denied, 317 So.2d 442 (Fla. 1975), I enthusiastically concur in reversal for the reason upon which the court relies.
However, I would also hold, applying the principles recently enunciated in King Pest Control v. Binger, 379 So.2d 660 (Fla.4th DCA 1980), that the trial judge erred in declining to admit the photographs in question, which irrefutably demonstrated that the accident could not have occurred as the plaintiff testified.
NOTES
[1] As a practical matter, the jury was made fully aware of the fact that there was a discrepancy between the plaintiff's description of the shape of the subject valves and that of the defendants. Two of the defendants' witnesses testified to the octagonal configuration of the valves, while referring to a diagram of octagonal valves on a blackboard throughout their testimony, and one identified certain physical evidence as a "reasonable facsimile" of the valve-flange assembly.
[2] The exact comments were: "There is a saying in the Bible, there is a story about a man named Job, who suffered from many plagues. He suffered from all these terrible things that his faith and honesty were tested. If anybody has been plagued it is Lamy Martial. He has been plagued by having his son brought before his eyes and seeing him shot to death. I went to Vietnam and I thought I had seen it all."
[3] Defense counsel strongly objected to the remarks as prejudicial and having "absolutely nothing to do with this litigation." The trial court, however, overruled the objection and denied the subsequent motion for mistrial.