0304

Nancy McKEE, Appellant, v. ATLANTIC WOMEN'S CENTER, P. A. and Salvatore A. Rini, M. D., Respondents. Ross McKEE, Appellant, v. ATLANTIC WOMEN'S CENTER, P. A. and Salvatore A. Rini, M. D., Respondents.

(323 S. E. (2d) 533)

Court of Appeals

---

436

*Ellis J. Kahn,* Charleston, *for appellants.*

*William W. Doar, Jr.,* Georgetown, *for respondents.*

Heard Sept. 25, 1984.

Decided Oct. 30, 1984.

GARDNER, Judge:

This is a medical malpractice action by which appellants McKee (plaintiffs) sought damages for personal injuries and loss of consortium occasioned by the alleged negligence of respondent Dr. Rini, while acting as an agent of respondent Atlantic Women's Center, P. A., (Dr. Rini and P. A.). The jury verdict was for Dr. Rini and P. A. We reverse and remand.

At trial, Dr. Rini and P. A. were permitted on cross-examination to impeach plaintiffs' medical witness, Dr. Glassman of New Jersey, by the use of a confidential hospital record of a patient of Dr. Glassman whom he had treated in a New Jersey hospital. The hospital record arguably contradicted Dr. Glassman's testimony at the trial of the instant case. Plaintiffs, before trial, had no knowledge of the existence of the 32-page hospital record; this hospital record inexplicably came into the possession of Dr. Rini and P. A. some two months prior to the trial but subsequent to the taking of Dr. Glassman's deposition by Dr. Rini and P. A. The hospital record was not disclosed by Dr. Rini and P. A. in response to interrogatories served pursuant to Circuit Court Rule 90. Plaintiffs objected to the use of this hospital record on the ground of surprise brought about by the failure of Dr. Rini and P. A. to disclose the record in response to interrogatories. The trial judge overruled the objection on the ground that Rule 90 did not require disclosure of the record.

The sole issue on appeal is whether the trial judge erred in permitting the use of the hospital record for impeachment of Dr. Glassman.

The rule is well settled in South Carolina that exhibits ██ used solely for impeachment purposes are within the purview of Rule 90. *Martin v. Dunlap*, 266 S. C. 230, 222 S. E. (2d) 8 (1976); *Reed v. Clark*, 277 S. C. 310, 286 S. E. (2d) 384 (1982). This is not to gainsay the right of a trial judge to excuse the jury and, after argument, in the exercise of his discretion and under proper circumstances, to permit or refuse to permit undisclosed witnesses to testify and/or the trial use of undisclosed documents. This, however, is not the issue put to us; here the trial judge ruled as a matter of law that disclosure of the hospital record was not required by Rule 90; this was error, and we so hold.

And the error was extremely prejudicial and, therefore, reversible. Dr. Glassman was plaintiff's only liability witness. Had plaintiffs known of the hospital record, they might well have found another expert witness. This is the essence of prejudice in these cases of nondisclosure after service of interrogatories. There is prejudicially reversible error when "the objecting party might well have taken some action to protect himself had he had timely notice of the witness [of documents required to be disclosed] and that there exist no other alternative to alleviate the prejudice." *King Pest Control v. Binger*, 379 So. (2d) 660 at 663 (Fla. Dist. Ct. App. 1980), aff'd., 401 So. (2d) 1310 (Fla. 1981).

We hold the nondisclosure of the hospital record to have been extremely prejudicial to the plaintiff's case and therefore reversible error.

And we are not persuaded by Dr. Rini and P. A.'s argument that the case is controlled by *Marshall & Williams Co. v. General Fibers & Fabrics, Inc.*, 270 S. C. 247, 241 S. E. (2d) 888 (1978). In *Marshall*, at a pre-trial conference, the plaintiff did not disclose a letter written to him by the defendant. After plaintiff closed his case in chief, the defendant testified and the court refused to permit the plaintiff to impeach the defendant by the letter defendant had written to plaintiff. The Supreme Court held this refusal to be error. The two cases are easily distinguishable. Firstly, in *Marshall* defendant's letter became relevant only at trial when his testimony contradicted

his own letter; in the instant case, the hospital record became relevant immediately upon coming into Dr. Rini and P. A.'s hands after Dr. Glassman's deposition. Secondly, in *Marshall* defendant knew of the letter he had written to plaintiff, but in the instant case, plaintiffs had no knowledge of the hospital record until confronted with it at trial; thus, in *Marshall* there was no surprise, but in the instant case there was stunning surprise. Finally, in *Marshall* the letter was used to rebut unexpected testimony; in the instant case the record was used to discredit a witness whose testimony was as expected and the same as when deposed. We hold *Marshall* not to be relevant to this case.

For the reason stated, the judgment below is reversed and the case is remanded for a trial *de novo*.

Reversed and remanded.

BELL and CURETON, JJ., concur.