PER CURIAM.
 

 This is a petition by Target Corporation seeking certiorari review of a circuit court’s discovery order. The order compelled production, prior to the taking of the plaintiffs deposition, of four photographs of the accident scene and a security video of the plaintiffs slip and fall. We deny the petition, finding no departure from the essential requirements of law.
 

 At a hearing on the plaintiffs motion to compel production, Target’s counsel argued that the plaintiff should be deposed before she saw the video and the photographs; he contended that the plaintiff was not accurately portraying the incident, citing medical records indicating that the plaintiff told her doctor she fell flat on her back, a fact refuted by the video. The plaintiff said that she should be allowed to refresh her memory of the incident with the security video and accident scene photographs before being deposed. The trial court granted the plaintiffs motions to compel, requiring production óf the photos and videos prior to her deposition.
 

 We distinguish
 
 Dodson v. Persell,
 
 390 So.2d 704 (Fla.1980), upon which Target relies. That case involved surveillance films of a purportedly injured plaintiff, made
 
 after
 
 the accident at issue.
 
 Dodson v. Persell,
 
 365 So.2d 413, 413 (Fla. 3d DCA 1979),
 
 rev’d,
 
 390 So.2d 704 (Fla.1980). Such films, usually taken by defense private investigators, were characterized by the supreme court as falling under the work product privilege, unless intended for use at trial.
 
 Id.
 
 at 707. The video in this case was not protected work product, prepared “to aid counsel in trying the case.”
 
 Id.
 
 Rather, it was a video of the accident itself, discoverable evidence under the Rules of Civil Procedure, which are designed “to prevent the use of surprise, trickery, bluff and legal gymnastics.”
 
 Surf Drugs, Inc. v. Vermette,
 
 236 So.2d 108, 111 (Fla.1970).
 

 Even if the photographs of the accident scene are characterized as work product, given the circuit court’s broad discretion in overseeing discovery, we find no abuse of discretion in the order requiring their production before Vogel’s deposition. Target did not make any showing as to how production of the photographs violates
 
 Dodson’s
 
 policy of timing the disclosure of discovery to prevent fraudulent and overstated claims.
 

 The petition for writ of certiorari is denied.
 

 GROSS, C.J., POLEN and LEVINE, JJ., concur.