FORST, J.
Petitioner, Judith McClure, a plaintiff in a slip and fall negligence case, seeks cer-tiorari review of an order compelling her deposition prior to the production of a store security video of the slip and fall. She contends that the court’s order departs from the essential requirements of law based upon Target Corp. v. Vogel, 41 So.3d 962 (Fla. 4th DCA 2010). As set forth below, we deny the writ, finding that the trial court’s order was not an abuse of judicial discretion and, as such, not contrary to our Target opinion.
Subsequent to filing suit against the Publix grocery store, McClure filed a request for production of store security video. When Publix failed to respond to this request, McClure filed a motion to compel. Publix responded that it would produce the requested video following its deposition of McClure. The trial court denied McClure’s motion, permitting Publix to delay production of the video until it had completed a deposition of McClure. McClure’s petition to this court followed.
To obtain certiorari relief from a non-final order, the petitioner must establish: “(1) a departure from the essential *999 requirements of the law, (2) resulting in material injury for the remainder of the case (3) that cannot be corrected on post-judgment appeal.” Williams v. Oken, 62 So.3d 1129, 1132 (Fla.2011) (quoting Reeves v. Fleetwood Homes of Fla., Inc., 889 So.2d 812, 822 (Fla.2004)). “The district courts should exercise this discretion only when there has been a violation of clearly established principle of law resulting in a miscarriage of justice.” Id. at 1133.
In Target, this court denied the petition for writ of certiorari (as we are doing in the instant case), noting “the circuit court’s broad discretion in overseeing discovery.” Target, 41 So.3d at 963. To that extent, Target is consistent with the Florida Supreme Court’s decision in Dodson v. Persell, 390 So.2d 704 (Fla.1980), which held, with respect to discovery requests for surveillance movies and photographs, it is “within the trial court’s discretion,” to determine that “the surveilling party has the right to depose the party or witness filmed before being required to produce the contents of the surveillance information for inspection.” Id. at 705 (emphasis added). It is also consistent with language from decisions of federal courts in Florida, including Schulte v. NCL (Bahamas) Ltd., which is referenced in Judge Warner’s dissenting opinion. See, e.g., Schulte v. NCL (Bah.) Ltd., No. 10-23265-CIV, 2011 WL 256542, at *4 (S.D.Fla. Jan. 25, 2011) (“The undersigned recognizes that even though the tapes at issue are not work product, the Court retains the discretion to control the timing of discovery. Thus, under appropriate circumstances, the Court would not require production of a videotape prior to a plaintiffs deposition.”).
The dissenting opinion, while maintaining reliance on Target, would actually contravene that decision, limiting “the circuit court’s broad discretion” with respect to the timing of discovery and instead imposing the district court’s judgment upon the circuit court absent evidence that failing to do so would cause irreparable harm or that compelling the production of the video pri- or to the petitioner’s deposition is “a departure from the essential requirements of the law.” Williams, 62 So.3d at 1132. The petitioner has not shown that if she answers questions at a deposition, prior to production of the security store video showing the fall, that any harm will occur or that the video will somehow conflict with her statements at the deposition. Moreover, petitioner has not shown the trial court’s order shall, in any meaningful sense, delay McClure’s discovery.
Consistent with both Dodson and Target, we do not believe that the trial court abused its discretion in this matter. Accordingly, we deny certiorari review of the trial court’s order.
CIKLIN, J., concurs.
WARNER, J., dissents with opinion.