SALTER, J.
Business Telecommunications Services, Inc. ("BTI"), seeks a writ of certiorari quashing an order requiring the production of a surveillance video in advance of the deposition of the plaintiff in a personal injury case, Elena Madrigal. We deny the petition.
BTI's reliance on cases such as Dodson v. Persell, 390 So.2d 704 (Fla. 1980), is *677 misplaced. In Dodson, the Supreme Court of Florida considered surveillance "movies and photographs," and held in part that "within the trial court's discretion, the surveilling party has the right to depose the party or witness filmed before being required to produce the contents of the surveillance information for inspection." Id. at 705. In that case, however, it is apparent that the surveillance information involved surveillance of the plaintiff after the accident, not surveillance of the accident scene at the date of the accident (or even the accident itself, as it occurred).
In the present case, the petition, response, reply, and appendices disclose that the surveillance video was taken on the date of the alleged incident (the date alleged in Ms. Madrigal's complaint). BTI alleges that the first notice it received of Ms. Madrigal's claim was the date BTI received the complaint, which was over five months after the date of the accident as alleged in the complaint. The videotape is not, in short, a surveillance video of a claimant taken well after an alleged injury to impeach the claimant's testimony regarding the effect of the alleged injury on the claimant. See, e.g., Willie-Koonce v. Miami Sunshine Transfer & Tours Corp., 233 So.3d 1271 (Fla. 3d DCA 2017).
Our sibling district court applied this distinction in Target Corp. v. Vogel, 41 So.3d 962 (Fla. 4th DCA 2010), finding no abuse of discretion in an order requiring production of accident scene photos before the plaintiff's deposition. In a later opinion, however, that court denied certiorari review of an order denying a plaintiff's motion to require the defendant to produce in-store security video of an incident prior to deposing the plaintiff. McClure v. Publix Super Markets, Inc., 124 So.3d 998 (Fla. 4th DCA 2013). The dissent in that case argues that Target Corp."properly treated the security camera issue as involving ordinary discovery requests and not any protected work product." 124 So.3d at 1001 (Warner, J., dissenting).
That dissent in McClure also addresses reported cases in other states and in federal courts and the circuit courts in Florida. Those cases reach varying results, although the dissent in McClure argues that "in Florida the vast weight of authority rejects the withholding of security video until after the plaintiff's deposition is taken, unless specific factual circumstances in a particular case provide for a contrary result." Id. at 1002-03 (original emphasis).
This category of date-of-accident videotape is distinguishable from post-accident surveillance videos of a plaintiff's activities. Given our normal deference to trial court discretion in matters of pretrial discovery and the lack of a bright-line rule or controlling precedent on this question, we conclude that BTI has not satisfied its obligations under certiorari review: to demonstrate a departure from the essential requirements of law resulting in a material injury for the remainder of the case which cannot be corrected on postjudgment appeal. Racetrac Petroleum, Inc. v. Sewell, 150 So.3d 1247, 1251 (Fla. 3d DCA 2014).
Petition denied.