PER CURIAM.
Curtiss National Bank has filed this appeal from a final judgment entered in the circuit court, which embodied the jury’s verdicts in favor of the three individual ap-pellees. At the trial level, appellees Harlan Street and Leo Greenfield were the plaintiffs, having filed their complaint seeking certain fees allegedly owing to them from the bank; the bank filed its counterclaim against the appellees Street and Greenfield, and also a third party complaint against ap-pellee Jerry Leader, but the jury found against the bank as to the counterclaim and the third party complaint. We must affirm the jury’s finding in all matters presented on this appeal.
The first issue presented for our consideration is whether the jury’s verdict which found that the bank was indebted to appellees Street and Greenfield for attorney fees was supported by the facts adduced at trial. It is the appellant’s contention that the original contract of employment between the bank and these two appellees for legal services to be performed by Street and Greenfield, was void. The bank bases this argument upon the contention that the contract for employment actually embodied an agreement to split fees between the authorizing officer who signed the contract for the bank, appellee Jerry Leader, and the remaining two ap-pellees. We find this contention to be without merit. Sufficient evidence exists in the record to show that disclosure was made by Leader to the bank’s Board of Directors of his intention to require Street and Greenfield to repay him for earlier serv *455 ices which he performed for those two attorneys as their accountant, from the fees they were to receive as the bank’s general counsel. Upon the facts revealed to it, the jury resolved this issue in favor of the ap-pellees, finding that the employment contract did not embody a secret or unethical agreement to split fees. We cannot interfere with this resolution of the factual matters presented to the jury.
The appellant also argues a second ground in support of its contention that the employment contract was void, and therefore could not form the predicate for the original action to recover attorney fees. This argument is that the attorneys, Street and Greenfield, failed to account for certain monies received by them from the proceeds of a loan to certain borrowers and therefore breached their fiduciary duty so as to make the employment contract illegal. This contention is also unsupported by the record. After the bank had disbursed these particular loaned funds to the borrower, the funds went into a trust account under the name of Street and Greenfield. Any disbursement between the borrower and those attorneys at a subsequent time does not affect the legality or ethics of the employment contract itself.
As its last point on appeal, the appellant contends that the court erred when it refused to allow a reading of two depositions taken from Leader and Greenfield. We cannot agree; Leader’s deposition which the appellant was attempting to introduce at trial had been taken in another case, and related to collateral issues there, and therefore, a proper predicate existed for the judge to exercise his discretion by denying its introduction in this matter.
The court further refused to permit the introduction of Greenfield’s deposition during plaintiff’s rebuttal for impeachment purposes because counsel had had innumerable opportunities to impeach this witness on cross-examination prior to the proffer of the deposition. This ruling is in accord with Driscoll v. Morris, Fla.App.1959, 114 So.2d 314. See also Kellogg v. Wilcox, 1955, 46 Wash.2d 558, 286 P.2d 114. Upon the record before us, we are not compelled to find that the trial judge abused his discretion when he refused to allow either deposition into evidence.
Therefore, based upon our assessment of the record on appeal, and the evidence presented therein, we must affirm the final judgment which was based on the jury’s verdicts.
Affirmed.