400 So.2d 795 (1981)
Harley MATHIS, Personal Representative of the Estate of Johnnie Baker Mathis, Deceased, Appellant,
v.
Hugh O'REILLY and Canal Insurance Company, Appellees.
No. 80-1208.
District Court of Appeal of Florida, Fifth District.
June 17, 1981.
Rehearing Denied July 11, 1981.
*796 Joseph H. Williams of Troutman, Parrish & Williams, P.A., Winter Park, for appellant.
H. Terrell Griffin of Lawrence, Griffin & Dick, Orlando, for appellees.
COWART, Judge.
In the trial of a vehicle accident negligence action, the plaintiff's expert witness in traffic accident analysis gave his opinion that the pre-impact speed of the defendant's vehicle was substantially in excess of the lawful speed. During the defendant's case the defendant's accident reconstruction expert expressed an opinion that the speed of the defendant's truck before the accident was just under the lawful speed limit. On rebuttal, plaintiff recalled his expert witness and asked him how the defendant's expert witness' computations differed from the computations upon which his (plaintiff's witness) opinion was based. The trial court sustained the defendant's objection to the question, the jury returned a verdict for the defendant and the plaintiff appeals. We reverse.
Plaintiff's witness in this case was not asked to express an opinion as to the validity of the opinion expressed by defendant's expert witness, as was held improper in Carlton v. Bielling, 146 So.2d 915 (Fla. 1st DCA 1962). Plaintiff's question in this case was couched to cause the plaintiff's expert to delineate the facts, factors, formulae and rationale used in the analysis leading to the defendant's witness' opinion and to do the same as to his own opinion and then to compare the predicates upon which the two opinions were based. The result of such a comparison may show that defendant's witness failed to consider all proper factors, or considered improper factors, or erred in the weight or effect attributed to certain factors, in the selection or use of formulas or in actual calculations or in other reasoning processes and thus might tend to impeach defendant's witness, as in Hartstone Concrete Products Company, Inc. v. Ivancevich, 200 So.2d 234 (Fla. 2d DCA 1967), and King Pest Control v. Binger, 379 So.2d 660 (Fla. 4th DCA 1980). However, we feel the real value of such a question and answer is in giving the jury a better insight into the bases supporting the two differing opinions so that the jury can better evaluate and weigh the testimony of the witnesses by understanding and comparing how, why and in what particulars, the two expert witnesses reached different conclusions. Additionally, if properly based on evidence, plaintiff's expert should also have been permitted to express an opinion as to the braking force of defendant's truck. As this testimony could have been decisive in this case, we cannot say the error in excluding it was harmless, therefore the judgment for the defendant is reversed and the cause remanded for a new trial.
REVERSED AND REMANDED.
COBB and FRANK D. UPCHURCH, Jr., JJ., concur.