LARRY G. SMITH, Judge.
Appellants seek reversal of a final judgment entered pursuant to a jury verdict which found Paul Bialek and John G. Lane Line, Inc. sixty percent negligent in the death of appellee’s husband, and which awarded damages in the sum of $240,000.00. We affirm.
Appellee’s wrongful death action charged that appellant-Paul Bialek, driver of a truck owned by appellant-John G. Lane Line, Inc., violated Sections 339.30, 316.1945, and 316.-301, Florida Statutes (1977), all of which require display of warning lights and devices when a vehicle is stopped or disabled along the roadside, and which prohibit parking along the roadside, with some exceptions not material here. It is undisputed that on the day of the accident Bialek parked his truck partly on the paved emergency parking lane and partly on the grassy portion of the shoulder of Interstate Highway 10, just west of Macclenny. The automobile driven by the plaintiff’s decedent, after passing another vehicle proceeding in a westerly direction, angled sharply to the right, crossing both westbound travel lanes and most of the emergency parking lane before it swerved back to the left, lined up directly behind the parked truck, then traveled for a distance of approximately 100 yards before colliding with the rear of the truck.[1] The plaintiff’s decedent was killed instantly. There were some 30 feet of skid marks from the automobile prior to the point of impact.
An expert witness called by appellee gave testimony concerning the “forgiving roadside” design features of the interstate highway system which are aimed at providing an obstacle-free shoulder area so that vehicles accidentally or inadvertently straying from the travelled portion of the highway might be able to come to a safe stop or be redirected back onto the highway. Another expert witness for appellee testified concerning the “follow-the-leader” phenomenon under which a motorist, in the mistaken belief that he is following a moving vehicle, will plow directly into the rear of a non-moving vehicle parked alongside the roadway in the absence of flashers or other warning conditions to warn of its stationary and off-the-road position. Appellants, on the other hand, maintained that the accident was the proximate result of some sudden disabling medical condition, or suicide on the part of the plaintiff’s decedent.[2]
We think the issue of proximate cause was one properly determinable by the jury, under appropriate instructions. The im *656 proper parking of the truck was the type of negligence which could foreseeably lead to a rear-end collision occurring under circumstances shown by the evidence in this case, and liability of the offending truck driver and its owner may be predicated upon violation of the statutes which were designed to prevent or minimize the likelihood of just such occurrences. A jury could find that the accident was both foreseeable and proximately caused or contributed to by the negligent parking of the truck, and the negligence of plaintiffs decedent was not an intervening cause absolving appellants from liability. See, Gibson v. Avis Rent-A-Car System, Inc., 386 So.2d 520 (Fla.1980).[3]
We find no abuse of discretion in the trial judge’s refusal to direct a verdict on the issue of contributory negligence (which this court has recognized is rarely appropriate in comparative negligence cases, Petroleum Carrier Corp. v. Gates, 330 So.2d 751 (Fla. 1st DCA 1976)), nor in his ruling concerning the qualifications of Dr. Brenner as an expert in the field of safety engineering and traffic accident reconstruction. Furthermore, we find no error in the trial court’s refusal of the requested instruction on unlawful speed, nor in the giving or refusal of other instructions.
The judgment appealed from is AFFIRMED.
SHAW and JOANOS, JJ., concur.

. The accident occurred in broad daylight, on a clear day, on a straight and level road relatively free of traffic, and the parked truck was visible to approaching traffic for over one-half mile. There was no emergency or other justification for Bialek’s parking the truck; rather, the sole purpose was to enable him to visit with nearby relatives.

. Appellants also argue that the action of the deceased was the sole cause of the accident; and that the parking of the truck, even if in violation of the statutes, was not an operating, efficient or proximate cause of the accident, citing Sims v. Apperson Chemicals, Inc., 185 So.2d 179 (Fla. 1st DCA 1966). While it is not entirely clear from the Sims opinion just what purpose was intended to be served by the no-parking ordinance dealt with in that case, we are confident that the statutes under consideration here, requiring warning signals and devices, and otherwise prohibiting parking, serve a different purpose and command a different result than the ordinance in the Sims case which prohibited parking “on any paved street for the night,” unless disabled.

. We cannot accept appellants’ argument that the accident was a mere “possible result” of the improper parking of the truck affording no predicate for liability, and we find no support in Cassel v. Price, 396 So.2d 258 (Fla. 1st DCA 1981), for such a conclusion. As for appellants’ contention that the same accident would have occurred if Bialek had just stopped his truck but had not had time to put on his flashing lights or warning devices, we observe that under those facts it is very likely that Bialek might be found not guilty of any negligence, assuming, of course, that his stopping the truck was not itself a violation of the statute.