525 So.2d 903 (1987)
Mildred Irene ROBISON, Incompetent, BY and THROUGH Her Guardian, Ethel M. BUGERA, Appellant,
v.
Micheline FAINE and Catalano's Nurses Registry, Inc., Appellees.
No. 86-2086.
District Court of Appeal of Florida, Third District.
December 15, 1987.
Rehearing Denied January 29, 1988.
*904 Barwick & Dillian, Miami Shores, and Thomas E. Ice, for appellant.
Stephens, Lynn, Chernay, Klein and Debra J. Snow, Miami, for appellees.
Before SCHWARTZ, C.J., and BARKDULL and BASKIN, JJ.
BASKIN, Judge.
Appellant Robison sustained injuries while she was a patient at North Miami General Hospital [Hospital]. Through her guardian, she filed a lawsuit against the Hospital, Catalano's Nurses Registry [Registry], and Michelene Faine [Faine], the nursing attendant recommended by the Registry. She sought damages predicated upon the negligent care she allegedly received. A jury trial culminated in an award of $375,000 against the Hospital[1] and a jury verdict finding no liability on the part of the Registry; however, the trial court directed a verdict in favor of Faine. Robison seeks reversal. In a cross-appeal, appellees maintain that if this court reverses *905 for a new trial, Robison should not again be permitted to use their expert witness's deposition in her case in chief. We hold that the trial court erred in granting a directed verdict against Faine but committed no other reversible error.
The circumstances from which this litigation arose began on August 30, 1979, when Robison was admitted to the Hospital, diagnosed as having malnutrition, dehydration, and psychiatric disorders. Her psychiatrist ordered "around the clock" nursing care and cautioned nursing attendants to take precautions against suicide attempts. Advised that Robison would need private duty nurses, the Hospital directed Mrs. Bugera, Robison's sister, to contact the Registry.
The Registry sent Faine to care for Robison on eight-hour shifts. Faine's duties included bathing and medicating the patient, and making sure the patient was restrained if Faine left the room. Prior to leaving on a lunch break, Faine tied Robison in a "posey," a restraining device which attaches to the sides of a hospital bed, and stepped into the hallway in order to find a nurse who would temporarily relieve her of her duties. Faine located a nurse and informed her that the patient was "poseyed" to the bed and went to lunch after observing the nurse enter Robison's room. When she returned twenty minutes later, Robison was gone, although the "posey" was still attached to the bed and the side rails were still up. She later learned that the patient had left the hospital through an emergency exit which led to the roof and, unable to reenter the hospital, had attempted to jump to a nearby tree, fallen to the ground, and sustained serious injuries.
Robison's complaint alleged that the Hospital and Faine were negligent in providing care and that their negligent performance of their contracts was the proximate cause of her injuries. Her allegations against the Registry were founded on its vicarious liability stemming from its selection of Faine.
On appeal, Robison challenges the court's grant of a directed verdict in Faine's favor as well as the jury's verdict in the Registry's favor. She contends the trial court applied the wrong standard in directing a verdict. We agree.
In granting a motion for directed verdict ... the court must determine that there is no evidence to support a finding for the party against whom the verdict is sought. The authority to direct a verdict must be exercised with great caution as in doing so the court is encroaching upon the right of a litigant to a jury trial and such a right should not be denied unless, as a matter of law, no reasonable inferences can be drawn from the evidence in favor of the non-moving party. Sun Life Insurance Co. of America v. Evans, 340 So.2d 957 (Fla. 3d DCA 1976).
Marcano v. Puhalovich, 362 So.2d 439, 441 (Fla. 4th DCA 1978). The record contains evidence that if the "posey" had been properly tied, Robison would not have been able to free herself. In addition, there is testimony from which a jury could reasonably infer that Faine was negligent in leaving her patient. The presence of testimony from which the jury could draw inferences favorable to Robison precluded the court from granting a directed verdict.[2]
Next, Robison argues that by erroneously directing a verdict for Faine, the trial court foreclosed Robison from submitting to the jury the issue of the Registry's vicarious liability for Faine's negligence. We find no reversible error.
In Cantor v. Cochran, 184 So.2d 173 (Fla. 1966), the supreme court approved the test set out in the Restatement (Second) of Agency § 220 (1958) for determining whether a worker is an employee or an independent contractor:
(2) In determining whether one acting for another is a servant or an independent *906 contractor, the following matters of fact, among others, are considered:
(a) the extent of control which, by the agreement, the matter may exercise over the details of the work;
(b) whether or not the one employed is engaged in a distinct occupation or business;
(c) the kind of occupation, with reference to whether, in the locality, the work is usually done under the direction of the employer or by a specialist without supervision;
(d) the skill required in the particular occupation;
(e) whether the employer or the workman supplies the instrumentalities, tools, and the place of work for the person doing the work;
(f) the length of time for which the person is employed;
(g) the method of payment, whether by the time or by the job;
(h) whether or not the work is a part of the regular business of the employer;
(i) whether or not the parties believed they are creating the relationship of master and servant; and
(j) whether the principal is or is not in business.
Kane Furniture Corp. v. Miranda, 506 So.2d 1061, 1063 (Fla. 2d DCA 1987). According to the evidence, the Registry is an employment agency which does little more than list available attendants. Faine, like others listed with the service, did not have an exclusive relationship with the Registry. She had the right to list her name with other registries, and was under no obligation to take any assignment. Faine was paid by her patient, who had the power to dismiss her. The Registry withheld neither taxes nor social security and provided no medical or health benefits.
Control is a crucial factor in determining the existence of an independent contractor or an employee relationship. Cantor, 184 So.2d at 174; Kane Furniture; Bill Rivers Trailers, Inc. v. Miller, 489 So.2d 1139 (Fla. 1st DCA 1986); VIP Tours of Orlando, Inc. v. State Dept. of Labor and Employment Security, 449 So.2d 1307 (Fla. 5th DCA 1984). Faine testified that the Registry exercised no control over the manner in which she performed her duties. Measured against the Restatement criteria, the testimony at trial establishes that Faine was an independent contractor and not, as Robison suggests, an employee of the Registry. Thus, the Registry was not liable for her conduct.
We reject Robison's alternative argument that even if Faine were an independent contractor, the Registry created an appearance that Faine was its agent and is estopped from denying the relationship. In support of this contention, Robison points to testimony that Mrs. Bugera assumed, without contradiction, that nurses referred to her by the Registry were employed by the Registry. There is authority for that view of the law under some circumstances, but not under the facts of this case.
The doctrine of apparent agency ... consists of three primary elements: (1) a representation by the principal; (2) reliance on that representation by a third person; and (3) a change of position by the third person in reliance upon such representation to his detriment. The principal is estopped to deny the authority of the agent, because he has permitted the appearance of authority in the agent and thereby justified the third party in relying on that appearance of authority as though it were actually conferred upon the agent.
Orlando Executive Park, Inc. v. P.D.R., 402 So.2d 442, 449 (Fla. 5th DCA 1981) (citation and footnote omitted); see Singer v. Star, 510 So.2d 637 (Fla. 4th DCA 1987). Here, Mrs. Bugera was unable to articulate any specific facts indicating that the Registry had misled her. Thus, Robison does not demonstrate apparent agency. We therefore affirm the judgment in favor of the Registry.
Finally, we find no error in the trial court's ruling permitting the deposition testimony of the Registry's expert witness during Robison's case-in-chief. Florida Rule of Civil Procedure 1.330(a)(3)(F) permits the deposition of a witness, whether *907 or not a party, to be used by any party for any purpose "if the court finds the witness is an expert or skilled witness." Rule 1.330(c). No special form of notice is necessary. Rule 1.390(b). We conclude that the trial court did not err in allowing Robison to read into evidence the deposition of the Registry's expert witness.
The judgment is affirmed as to the Registry and reversed and remanded for a new trial as to Faine.
NOTES
[1] The hospital is not a party to this appeal.
[2] Robison also argues that the court erred in refusing to allow her to read part of Faine's deposition to the jury as Fla.R.Civ.P. 1.330(a) permits. We discern no harmful error. As was the case in Curtiss Nat'l Bank of Miami Springs v. Street, 233 So.2d 453, 455 (Fla. 3d DCA 1970), counsel had ample opportunity to impeach the witness on cross-examination. Furthermore, the deposition was not inconsistent with Faine's testimony at trial.