528 So.2d 459 (1988)
James RHODES and Sherie Rhodes, His Wife, Appellants,
v.
ASPLUNDH TREE EXPERT COMPANY, a Corporation, and Aetna Casualty & Insurance Company, Appellees.
No. 86-2332.
District Court of Appeal of Florida, Third District.
July 5, 1988.
Rehearing Denied August 11, 1988.
*460 Sinclair, Louis, Siegel, Heath, Nussbaum & Zavertnik and Leonard H. Rubin, Miami, for appellants.
Ress, Gomez, Rosenberg, Howland & Mintz and Gerald Deckelbaum and David R. Howland, North Miami, for appellees.
Before SCHWARTZ, C.J., and NESBITT[*] and BASKIN, JJ.
PER CURIAM.
James and Sherie Rhodes appeal from a final judgment and a cost judgment in favor of Asplundh Tree Expert Company [Asplundh] and its surety. James Rhodes sustained injuries while working from the bucket of a cherrypicker's extended boom. The boom fractured and Rhodes fell to the ground.
The boom was manufactured by Asplundh. It had belonged to several previous owners before Rhodes' employer purchased it. The gravamen of his complaint is that Asplundh was negligent in failing to warn that reinforced fiberglass products deteriorate when exposed to sunlight. He asserted that the placard attached to the boom should have specified maintenance requirements. He also alleged that Asplundh was strictly liable for placing the product on the market without providing adequate warnings.
Asplundh responded with allegations of comparative negligence. It cited unauthorized alteration of the product resulting in abnormal and unintended use as an intervening cause of the product's failure and contended it exercised due care in manufacturing the product.
At trial, testimony disclosed that the placard affixed to the cherrypicker included operating and maintenance instructions. It cautioned: "inspect fiberglass upper boom, insert, basket and basket liners for possible damage or contamination . . [and] . . perform weekly and monthly maintenance as described in the service manual." Rhodes' employer admitted that he did not perform the maintenance procedures described in the operating manual; he merely washed the machine. He stated that he did not have a manual and that manufacturers should know that small companies don't bother to read manuals.
Rhodes called, as an adverse witness, defense expert witness Patton, who testified as to the necessity for preventive maintenance to deter deterioration caused by ultraviolet sun rays. At that time, Rhodes chose not to elicit the expert's theory as to the cause of the boom's fracture. Patton did offer his theories on the subject when called by the defense, however, and suggested overloading as a possible cause. Rhodes complains that he was denied the opportunity to recall his expert to present rebuttal testimony on this point. We reject his contention. See Curtiss Nat'l Bank of Miami Springs v. Street, 233 So.2d 453 (Fla. 3d DCA 1970). Rhodes had presented an expert witness who discounted overloading as the proximate cause of the accident. Thus, the trial court committed no reversible error in excluding rebuttal evidence which would have been cumulative in nature, Laurent v. Uniroyal, Inc., 515 So.2d 1050 (Fla. 3d DCA 1987), review denied, 525 So.2d 879 (Fla. 1988), and, in any event, could have been submitted during the plaintiff's case-in-chief.
Appellants' remaining issue has been considered and found to be without merit.
Affirmed.
NOTES
[*] Judge Nesbitt did not participate in oral argument.