585 So.2d 317 (1991)
Herman A. SPANAGEL and Elizabeth Spanagel, Appellants,
v.
Richard P. LOVE, Jr., et al., Appellees.
No. 90-1394.
District Court of Appeal of Florida, Fifth District.
July 18, 1991.
Rehearing Denied September 17, 1991.
Andrew A. Graham, and Robert M. Moletteire of Reinman, Harrell, Graham, Mitchell & Wattwood, Melbourne, for appellants.
Joseph W. Thomas, II, and J. Larry Hanks of Jeffery, Thomas & Marshall, P.A., Maitland, for appellees.
*318 PETERSON, Judge.
This is an appeal of the denial of Herman A. Spanagel's motion for new trial and entry of final judgment. We vacate the final judgment, reverse the order of denial, and remand for a new trial.
During a jury trial in which each of the drivers involved in a motor vehicle accident was seeking damages from the other, counsel for Richard P. Love, Jr., one of the drivers, asked an investigating police officer who had not witnessed the accident: "In the course of your investigation of this accident, did you determine that there was any improper driving on the part of Mr. Love?" Counsel for Spanagel, the other driver, objected. The court sustained the objection, and Spanagel's attorney asked the court to instruct the jury to disregard the officer's "no" answer at the time the objection was being made. Before any further evidence was presented to the jury, Spanagel's attorney requested a mistrial. The request was denied. The requested instruction to the jury was not given; the reason is not apparent from the record, and the requested instruction may have been omitted through oversight.
The question and the answer given constituted prejudicial error. In Moore v. Taylor Concrete & Supply Co., Inc., 553 So.2d 787 (Fla. 1st DCA 1989), the court stated:
It is well settled that questions or allusions which suggest that a driver has or has not been charged with a traffic violation in connection with an accident constitute prejudicial error which, in appropriate circumstances, will warrant a new trial.
Moreover, in some circumstances the error has been deemed so harmful that a new trial was warranted even though the objecting party failed to move for a mistrial.
Moore, at 790-91 (citations omitted). While the question to the officer in the instant case did not include inquiry as to whether Love was charged with the accident, there can be no question that a reasonable person would conclude from the officer's response that Love was not charged. A more subtle comment was the basis for reversal in Riedel v. Driscoll, 124 So.2d 42 (Fla. 1st DCA 1960), when a jury requested further instruction as to whether a defendant motorist was cited for a traffic violation. The court replied that whether a citation was issued was of no consequence and asked counsel if they agreed. The plaintiff's counsel responded with, "Unfortunately, yes, Your Honor." Id. at 47. Other decisions that have held that evidence of citations is so prejudicial as to require the granting of a mistrial include Albertson v. Stark, 294 So.2d 698 (Fla. 4th DCA), dismissed, 299 So.2d 602 (Fla. 1974), and Ryder Truck Rental, Inc. v. Johnson, 466 So.2d 1240 (Fla. 1st DCA 1985). See also MacNeil v. Singer, 389 So.2d 232 (Fla. 5th DCA 1980).
The officer's testimony in the instant case was especially critical since the only neutral witness testified that he remarked to a companion seconds before the collision between the two autos, "That sucker [Love] is really traveling."
We reverse the order denying Spanagel's motion for new trial, vacate the final judgment, and remand for new trial.
REVERSED and REMANDED for new trial.
COWART, J., and ANTOON, J., II, Associate Judge, concur.