688 So.2d 952 (1997)
Juana ZANOLETTI, Appellant,
v.
NORLE PROPERTIES, CORP., Appellee.
No. 96-1487.
District Court of Appeal of Florida, Third District.
February 19, 1997.
Rehearing Denied March 26, 1997.
*953 Levine & Finger and David J. Finger, Miami, for appellant.
Kubicki & Draper and Elizabeth M. Rodriguez, Miami, for appellee.
Before JORGENSON and SHEVIN, JJ., and BARKDULL, Senior Judge.
BARKDULL, Senior Judge.
Zanoletti appeals a final judgment entered after a jury verdict in favor of the appellee Norle Properties, Inc. (Norle). The sole issue on appeal is whether the trial judge erred in excluding Zanoletti's expert witness on rebuttal. We reverse.
Juana Zanoletti was injured when she was struck by a truck driven by Norle's employee. Zanoletti testified that she was crossing an intersection while the "walk" sign was illuminated and that she had looked both ways before proceeding into the intersection. The driver conceded that the "walk" sign was in fact illuminated, but asserted that he had already driven past Zanoletti when she walked into the back of the truck. To support this contention, Norle presented an accident reconstruction expert who testified that in his opinion, Zanoletti was the sole cause of the accident because she failed to yield to Norle's truck as it was making the turn and because she failed to look at oncoming traffic or signals in the area. The defense rested and Zanoletti sought to introduce the testimony of its accident reconstruction expert on rebuttal. The trial court ruled that Zanoletti was not surprised by the testimony and so it was not appropriate rebuttal testimony.[1] Zanoletti made a proffer that her expert would have testified that based upon his reconstruction of the accident, Zanoletti entered the intersection before the truck made its turn and that Norle's expert's calculations were erroneous. The jury found that Norle was not liable for the accident and Zanoletti appealed.
Zanoletti's sole issue on appeal is that the trial court erred in excluding the rebuttal testimony of her accident reconstruction expert. Zanoletti relies on such cases as McFall v. Inverrary Country Club, Inc., 622 So.2d 41 (Fla. 4th DCA 1993), Young-Chin v. City of Homestead, 597 So.2d 879 (Fla. 3d DCA 1992) and Heberling v. Fleisher, 563 So.2d 1086 (Fla. 4th DCA 1990) for the proposition that a plaintiff is not required to offer evidence in her case in chief to disprove the defendant's theory of the case as long as it is not cumulative and not necessary to the establishment of a prima facie case of liability. Norle however, contends that the trial court was correct because 1) Zanoletti knew what Norle's expert testimony would be prior to trial, 2) Zanoletti's expert testimony was essential to prove her case, 3) the testimony was cumulative of evidence presented during Zanoletti's case in chief and 4) if there was *954 any error, it was invited error because Zanoletti could have presented its expert during its case in chief.
In Young-Chin v. City of Homestead, this court held that limiting rebuttal which goes to the heart of the principal defense and which is not cumulative is an abuse of discretion. Young-Chin, 597 So.2d at 883. Stated otherwise, a plaintiff has no obligation to anticipate the defendant's theory of the case and present evidence during the case in chief to disprove that theory. McFall, 622 So.2d at 44; Heberling, 563 So.2d at 1087. In Heberling, as in this case, the defendants knew well in advance what the defense posture would be, but the court held that a plaintiff need not open the door to an anticipated defense. The case relied upon for affirmance, Rhodes v. Asplundh Tree Expert Co., 528 So.2d 459 (Fla. 3d DCA 1988), is distinguishable. In that case the plaintiff sought to call a second expert witness on rebuttal when he had already presented an expert who testified to the same theory in his case in chief. Id. at 460. Under those circumstances, the rebuttal testimony was clearly cumulative and bolstering.
In this case, Norle's defense was that Zanoletti walked into the back of the truck. It presented an expert who made certain calculations that tended to support this theory. Zanoletti wanted to present its expert who would have discounted those calculations on rebuttal. We think that these facts are indistinguishable from the facts in Young-Chin where it was held that it was error to exclude the plaintiff's expert witness on rebuttal because the testimony was not cumulative or bolstering. See also Mathis v. O'Reilly, 400 So.2d 795 (Fla. 5th DCA 1981).
To sum up, we agree with Zanoletti that the proffered rebuttal testimony should not have been excluded. Norle's other reasons for affirmance are not persuasive. First, the fact that Norle's expert testimony was not a surprise is irrelevant in this case. The element of surprise may become relevant in cases where, for example, the name of a witness was not disclosed pursuant to a pretrial order, see e.g. King Pest Control v. Binger, 379 So.2d 660 (Fla. 4th DCA 1980); Hartstone Concrete Products Co. v. Ivancevich, 200 So.2d 234 (Fla. 2d DCA 1967); Atlas v. Siso, 188 So.2d 344 (Fla. 3d DCA 1966), but that did not occur in this case. Second, the testimony of an accident reconstruction expert was not essential to prove a prima facie case of liability under these circumstances. Third, Zanoletti did not present any expert testimony in her case in chief, so the evidence was not cumulative. And finally, the fact that Zanoletti could have presented her expert during her case in chief but chose not to does not make the error invited. Invited error occurs when the appellant somehow induced the specific ruling by her affirmative action or inactivity. Duffell v. South Walton Emergency Services, Inc., 501 So.2d 1352, 1357 (Fla. 1st DCA 1987)(Ervin, J., concurring/dissenting). Therefore, the final judgment is reversed and the case remanded for a new trial.
NOTES
[1] This trial was actually the second trial in this case. The first trial ended in a hung jury. The same expert for the defense testified in the previous trial. The predecessor judge also made the same pretrial ruling regarding the plaintiff's proffered rebuttal testimony. In that case, the plaintiff opted to present the testimony of the expert in her case-in-chief, rather than not at all.