PER CURIAM.
Appellant, Kim Vega Mendez (“Mendez”) appeals an adverse final judgment entered after a jury verdict in favor of appellees, John Caddell Construction and Edward H. Cain (hereafter collectively referred to as “the defendants”). We reverse finding that the trial court erred in not allowing Mendez to present necessary and non-cumulative rebuttal testimony.
Mendez sued for injuries resulting from a car accident involving defendant Cain. At trial, Mendez testified that she was in a designated turn lane at an intersection trav-elling about 5-10 mph. In response, the defendants’ witnesses testified that there was heavy traffic in the area and that Mendez’s speed was 35-45 mph.
Mendez, through a proffer, sought to rebut the defendants’ testimony with an accident reconstruction expert. This expert would testify about the implausibility of the defense witnesses’ perceptions and that the crash involved a low speed. The trial court denied the expert’s rebuttal, ruling that it was cumulative because Mendez had already testified about her low speed.
During closing argument, defense counsel argued that Mendez caused the accident by speeding through a turn lane to bypass traffic. He claimed that the damage to Mendez’s car was not consistent with a 5-10 mph impact and that Mendez had offered no expert testimony to explain the discrepancy. Mendez objected to these statements. Yet, the court overruled the objection. The jury found that the defendants were not liable for the accident and this appeal followed.
Mendez asserts that the proffered rebuttal testimony was not cumulative and that its exclusion unfairly prejudiced the outcome of the trial. In contrast, the defendants contend that the expert testimony was cumulative.
A trial court has broad discretion to admit rebuttal testimony. See Dale v. Ford Motor Co., 409 So.2d 232 (Fla. 1st DCA 1982). However, a trial court abuses that discretion when it limits non-cumulative re *441 buttal that goes to the heart of the principal defense. See Young-Chin v. City of Homestead, 597 So.2d 879 (Fla. 3d DCA 1992). Therefore, expert rebuttal testimony contradicting a defense theory of the case is not cumulative where plaintiff does not present any expert testimony in her case in chief. See Zanoletti v. Norle Properties, Corp., 688 So.2d 952 (Fla. 3d DCA 1997).
Here, the expert testimony was not cumulative. Mendez did not present any expert testimony in her case in chief. Mendez was only required to establish a prima facie case of liability, not to anticipate and disprove the defendants’ potential theory of the case. See McFall v. Inverrary Country Club, Inc., 622 So.2d 41 (Fla. 4th DCA 1993), review denied, 634 So.2d 624 (Fla.1994). The expert testimony only became necessary after the defendants alleged that Mendez caused the accident. See Zanoletti, 688 So.2d at 953.
In conclusion, Mendez was entitled to rebut the defendants’ theory that Mendez caused the accident. See Mathis v. O’Reilly, 400 So.2d 795 (Fla. 5th DCA 1981), review denied, 412 So.2d 468 (Fla.1982). Accordingly, the trial court abused its discretion requiring reversal and a new trial. This disposition renders it unnecessary to address the remaining issues on appeal.
Reversed and remanded.