RAMIREZ, C.J.
Iris Probkevitz, as Personal Representative of the Estate of Denise Probkevitz, appeals the denial of her motion for new trial and the entry of an adverse final judgment in this wrongful death action. We reverse and remand for a new trial because the trial court impermissibly allowed the introduction of evidence of negligence and allowed the jury to consider such evidence. Furthermore, the trial court incorrectly disallowed the testimony of an expert witness whose testimony was not cumulative in nature.
This case arises from an automobile accident that occurred at 2:25 a.m. on Febru *612 ary 9, 2002, when a vehicle driven by Denise Probkevitz collided with a Velda Farms commercial truck. At the time of the accident, Joseph Anthony Dixon was the dxiver of the commercial truck. Denise was fifteen years old and had a driver learner’s permit. After the impact, Dixon’s truck pushed Denise’s vehicle one hundred sixty-eight feet before her vehicle came to a stop. Denise died at the scene.
Denise’s mother and personal representative, Iris Probkevitz, filed a wrongful death action against Dixon and Velda Farms. After a seven-day jury trial, a defense verdict, and adverse rulings on her post-trial motions, Probkevitz appeals a number of trial court rulings.
I. Factual Background
Probkevitz first assigns error to the trial court’s ruling that allowed her negligence to be introduced at trial and appear on the jury verdict form. Dixon asserted as an affirmative defense that Probkevitz’s action was barred, or that his percentage of fault should be reduced, because of Prob-kevitz’s negligence. Dixon had moved for leave to file a third-party complaint against Probkevitz, in her capacity as a survivor, for vicarious liability, negligent supervision, and negligent entrustment. The trial court initially granted Dixon’s motion, but eventually ruled in Probkev-itz’s favor as to the negligent supervision and negligent entrustment counts. As to the vicarious liability count, the trial court granted the motion as to any negligence of Probkevitz, and it denied the motion as to Probkevitz’s vicarious liability. Dixon moved for reconsideration. The trial court denied the motion.
At the start of trial, Probkevitz moved to dismiss the remaining vicarious liability claim. The trial court denied the motion. Probkevitz also moved to exclude evidence of any prior instances of Denise’s driving in violation of her license restriction. The trial court denied the motion. The trial court allowed the jury to consider Prob-kevitz’s negligence. The jury verdict form contained a question asking the jury to determine whether there was negligence on the part of Probkevitz which was a legal cause of injury to Denise.
The evidence at trial established that Probkevitz was the owner of the Ford Taurus that Denise drove and that Prob-kevitz had signed for Denise’s learner’s permit. On the night of the accident, Denise and a friend, Laelani Day, had been driven by Laelani’s mother and dropped them off at Probkevitz’s house, where Lae-lani was to spend the night. Probkevitz testified that after eating a late dinner, she went to bed. Denise and Laelani, who were planning to visit another girl in the same apartment complex stayed up. Probkevitz was awakened by a loud boom, which turned out to be her daughter’s fatal accident. Laelani, who was a passenger in the vehicle driven by Denise, survived the accident, but she had no memory of that night or the accident. Probkevitz denied that she allowed Denise to drive on the night of her death, or that she was aware that Denise had taken the car, until after the accident.
There was no direct evidence presented as to why Denise and Laelani were out that night. Probkevitz’s theory at trial was that, if Dixon had been driving at a safe speed and with reasonable caution as he approached a flashing yellow signal, he would have seen Denise’s vehicle in ample time to avoid the accident. Dixon’s theory was that he did not see Denise’s vehicle in time to stop, and that Denise had ran through a flashing red light without slowing down, and he was unable to stop in time to avoid the accident.
The facts presented at trial established that Dixon was driving on his way to work when Denise’s Ford Taurus sped through *613 a flashing red light into an intersection. Dixon testified that this made it impossible for him to stop and avoid the collision; that there was no way for him to avoid the accident because Denise’s vehicle shot into the intersection; and that Denise’s car did not stop at the red light in the intersection. Dixon further testified that he attempted to apply both his foot and hand brake when he saw Denise’s car, However, he did not have enough time to fully brake before the car slammed into his truck. Finally, Dixon admitted that, had he been going slower, he would have had more time to apply his brakes, slow down, or stop.
The defense introduced the testimony of three expert witnesses: G. Bryant Bu-chner, Marisela Fernandez, and Harry Snyder. Buchner, an accident reconstruction expert, arrived at certain conclusions based upon a crash analysis regarding the speed of both vehicles; the bumper’s displacement; and the truck’s headlights. Buchner opined that Dixon could not have stopped in time to avoid the accident, although he was driving about thirty to forty miles per hour, which was at or below the speed limit. Fernandez, an officer with the Florida Highway Patrol, testified over Probkevitz’s objection. She stated that she investigated the accident and concluded that Dixon was not speeding. Both Buchner and Fernandez agreed that Denise did not yield at the red light. Snyder likewise testified as to reconstruction issues.
In support of Probkevitz’s theory of the case that Dixon was driving at an excessive speed, she attempted to discredit Dixon’s memory to establish that he was speeding and that he had enough time to stop when he saw Denise’s car. She claimed that Dixon changed his testimony after he spoke to Buchner, and she emphasized other inconsistencies in Dixon’s testimony.
Probkevitz likewise attacked Buchner’s testimony on cross-examination. She pointed out errors or inconsistencies in Dixon’s testimony regarding speed and distance. She attempted to show that Bu-chner’s speed calculations were not exactly the same as those of Fernandez. Probkev-itz also attempted to exclude Fernandez’s testimony, arguing that she was unqualified to give expert testimony.
Probkevitz presented the testimony of two accident reconstruction expert witnesses whose testimony she intended to introduce at trial: James Dobbs and David Brill. Dobbs testified that Dixon must have driven much faster than the speed he claimed, and based upon a lack of skid marks on the street, Dixon only hit his brakes at or immediately before the point of impact.
The trial court limited the testimony of Probkevitz’s other accident reconstruction expert, Brill, to matters related to the operation of Dixon’s truck. The trial court later disallowed Probkevitz’s proffer of Brill’s testimony in rebuttal.
Probkevitz testified that she did not allow Denise to drive on the night of her death, and that she did not know that Denise had taken her car until after the accident occurred. Probkevitz also testified that she was unaware that Denise had ever driven without an adult in the car, or at night, in violation of the license restrictions. Laelani, the passenger in Denise’s car on the day of the accident, however, testified that she had driven with Denise on two prior occasions, and on one of those occasions, Denise drove her and a friend to the beach without an adult in the car.
At the conclusion of the defense’s case, Dixon again moved to include the issue of Probkevitz’s negligence on the verdict form. The trial court denied the request, stating that it would stand by its previous *614 ruling which only allowed the vicarious negligence of Probkevitz to be considered by the jury. Probkevitz subsequently moved for a directed verdict on the contribution claim. The trial court denied the motion.
On the last day of the trial, the trial court reversed its previous ruling which disallowed Probkevitz’s negligence to be considered. The trial court thereafter instructed the jury to consider the issue of Probkevitz’s negligence separate and apart from the negligence of Denise and Dixon. The court also instructed the jury on the contribution claim based on Probkevitz’s negligence and on the ordinary standard of negligence. The verdict form, however, permitted a three-way apportionment of fault on the main negligence claim, among Dixon, Denise, and Probkevitz.
The jury returned a defense verdict of no negligence against Dixon. Probkevitz filed a motion for new trial, arguing that the trial court committed reversible error when it allowed the jury to consider the issue of her negligence on the verdict form in contradiction of the court’s previous ruling. She argued that the trial court’s ruling allowed Dixon to portray Probkevitz as a bad, uncaring mother, responsible for her own daughter’s death. The trial court denied Probkevitz’s motion and entered judgment consistent with the jury’s verdict.
II. Legal Analysis
The two main issues involved in this appeal are: (1) whether the trial court committed error when it permitted the introduction of evidence of Probkevitz’s negligence, and when it permitted the jury to apportion Probkevitz’s fault for the accident; and (2) whether the trial court abused its discretion when it refused to permit Probkevitz to introduce the deposition testimony of her expert witness Brill. We will address the merits of each of these issues.
We review the denial of a motion for new trial “de novo” when, as here, the basis for the denial of the motion involves an error of law. See State Farm Mut. Auto. Ins. Co. v. Williams, 943 So.2d 997, 999-1000 (Fla. 1st DCA 2006); Krolick v. Monroe, 909 So.2d 910, 913-14 (Fla. 2d DCA 2005).

a. The Defendants ’ Negligence Claim

Notwithstanding the issue of Prob-kevitz’s vicarious liability for her daughter’s negligence, there is no basis in this record to support a contribution claim against Probkevitz. The submission of Probkevitz’s negligence to the jury was therefore baseless.
On appeal, the defense argues that Probkevitz’s negligence argument is either a red herring, or that the submission of Probkevitz’s negligence claim to the jury was harmless error because the jury found no negligence on the part of Dixon on the verdict form, and the jury never reached the issue of Probkevitz’s negligence in another question. We disagree.
First, the record before us is devoid of any evidence of negligence on the part of Probkevitz. The uncontroverted testimony at trial established that: Prob-kevitz was asleep when Denise left the apartment; on the night of the accident, Probkevitz went to bed after dinner, and Denise and Laelani were still up; and Probkevitz discovered that Denise had left the apartment after a loud boom woke her. In addition, any evidence of previous instances of Denise’s driving with a restricted license in violation of the license restrictions, and Probkevitz’s knowledge of those driving instances, is irrelevant to show any negligence of Probkevitz on the night of the fatal crash. There is thus no negli *615 gence that could be attributed to Probkev-itz so as to establish that her failure to supervise Denise caused the accident or Denise’s death.
Furthermore, the negligence of Probkevitz, if any, was not so closely intertwined with any negligence of Dixon so as to provide a basis for the admission of Probkevitz’s negligence into evidence. “A remote condition or conduct which furnishes only the occasion for someone else’s supervening negligence is not a proximate cause of the result of the subsequent negligence.” See D'Amario v. Ford Motor Co., 806 So.2d 424, 436 (Fla.2001). See also Whitehead v. Linkous, 404 So.2d 377, 379 (Fla. 1st DCA 1981).
We believe that D’Amario, where the Florida Supreme Court ultimately decided that a “remote condition” was unduly emphasized at trial, is indistinguishable from the facts of this case. In D’Amario, a passenger filed suit against the automobile manufacturer whose automobile caused the passenger’s injuries. Id. at 428. The trial court in that case made several conflictive rulings.
The trial court in D’Amario ruled pretrial that it would exclude evidence of the alcohol consumption level of the driver on the day of the subject accident because the acts that led up to the collision were “not at issue.” The trial court, however, thereafter granted leave to assert a defense that a third party had caused the driver’s injuries. The parties subsequently stipulated to the jury the driver’s level of intoxication. The trial court permitted the driver’s name to appear on the verdict form for purposes of apportionment of fault. The jury returned a verdict of no fault on the part of the manufacturer. The plaintiff moved for a new trial. The trial court granted the motion, holding that the driver’s alcohol use was a “remote condition” that was unduly emphasized to the prejudice of the plaintiff. Id. at 429. The Second District reversed on appeal, but the Florida Supreme Court quashed the district court’s decision. Id. at 442.
Here, like in D’Amario, the trial court granted Probkevitz’s pre-trial motion that effectively removed the issue of Prob-kevitz’s negligence from the case. The trial court, however, permitted the introduction of Probkevitz’s negligence during the trial, and allowed the jury to consider the evidence. Specifically, the trial court allowed the introduction into evidence of Probkevitz’s knowledge of her daughter’s driving ability, and of Probkevitz’s daughter’s prior driving history without the presence of Probkevitz. The trial court thus, as in D’Amario, impermissibly allowed the introduction of Probkevitz’s negligence to prove causation. See Id. at 429; Stuart v. Hertz Corp., 351 So.2d 703 (Fla.1977); Riedel v. Sheraton Bal Harbour Assoc., 806 So.2d 530 (Fla. 3d DCA 2001).
 We cannot say, as Yelda Farms and Dixon suggest, that the trial court’s error was harmless because the jury never reached the question of Probkevitz’s negligence. Inadmissible evidence constitutes grounds for a new trial where the evidence likely results in jury confusion as to the issues and evidence considered. See Goldman v. Bernstein, 906 So.2d 1240, 1241 (Fla. 4th DCA 2005). A new trial is warranted whenever irrelevant, prejudicial evidence is improperly introduced. See Shaw v. Jain, 914 So.2d 458, 460-61 (Fla. 1st DCA 2005). The evidence of Probkev-itz’s negligence, as well as a question of her negligence on the verdict form, allowed the jury to base their determination of Dixon’s negligence on facts and circumstances irrelevant to his fault as a driver. This may have improperly confused the jury, influenced their thought process, and prejudiced Probkevitz.

*616
b. Exclusion of Expert Testimony

We next turn to the issue of whether the trial court abused its discretion when it did not allow Probkevitz to introduce the deposition testimony of her expert witness Brill. We find no support for the trial court’s evidentiary ruling that disallowed the deposition testimony of this expert.
The law is clear that that the trial court has broad discretion when it allows a witness to testify as an expert. See Town of Palm Beach v. Palm Beach County, 460 So.2d 879, 882 (Fla.1984). Under the circumstances of this case, however, the trial court’s decision to disallow the testimony of Brill is not entitled to the deference we normally afford a trial court’s evidentiary rulings.
Velda Farms and Dixon argue that it was entirely appropriate for the trial court to preclude the testimony of Brill because the testimony was cumulative in nature. It is permissible for the trial court to preclude a party from introducing cumulative testimony. See Rhodes v. Asplundh Tree Expert Co., 528 So.2d 459, 460 (Fla. 8d DCA 1988) (stating that there is no reversible error in the exclusion of rebuttal evidence that is cumulative in nature).
We disagree that the testimony of Brill was cumulative in nature. Brill’s testimony represented rebuttal testimony. Brill’s testimony would have directly contradicted the defense’s main case at the heart of which involved the crush analysis. Brill would have testified about: the appropriateness of the crush analysis the defense used, the displacement of the truck’s bumper, and the truck’s headlights. The crush analysis (of the decedent’s car) and the displacement of the truck’s bumper were the basis on which the defense argued that the truck was not speeding, and that the decedent ran the light at thirty miles per hour. Brill would have testified that the defense crush analysis was incorrect, and that the truck’s bumper deflection was not caused by the speed of the decedent’s car (as the defense argued). The question of whether the truck’s headlights were on (instead of the automatic daytime running lights) related to the question whether the truck was visible to the decedent before she pulled into the intersection. This evidence, as Probkevitz correctly argues, would have rebutted the testimony of the three defense experts. In fact, Velda Farms and Dixon do not dispute that Brill’s testimony would have rebutted their expert testimony. “[A] trial court abuses its discretion when it forbids the presentation of rebuttal evidence that negates the theory of defense.” See Gerber v. Iyengar, 725 So.2d 1181, 1185 (Fla. 3d DCA 1998).
Additionally, the trial court improperly allowed defense counsel to elicit the opinion testimony of Officer Fernandez that Denise failed to obey the flashing red signal. Officer Fernandez was the traffic homicide officer who investigated the accident. She properly testified as a fact witness regarding her observations, measurements, and the test results from her investigation. However, Officer Fernandez’s opinion that Denise violated the traffic signal, given over objection, was prejudicial error. See Spanagel v. Love, 585 So.2d 317 (Fla. 5th DCA 1991); Rosenfeld v. Johnson, 161 So.2d 703, 705 (Fla. 3d DCA 1964); see also Town of Palm Beach v. Palm Beach County, 460 So.2d at 882. “It is well settled that questions or allusions which suggest that a driver has or has not been charged with a traffic violation in connection with an accident constitute prejudicial error which, in appropriate circumstances, will warrant a new trial.” Spanagel, 585 So.2d at 318. The officer’s testimony informed the jury in substance that, had Denise survived the accident, she would have been charged *617 with a traffic violation. The objection to the question should have been sustained.
III. Conclusion
For these reasons, we conclude that the trial court erred when it allowed Dixon to introduce evidence of Probkevitz’s negligence and when it ultimately allowed the jury to consider her negligence. Furthermore, the trial court abused its discretion when it disallowed the introduction of the deposition testimony of expert witness Brill. Therefore, we reverse the denial of Probkevitz’s motion for new trial and remand the case for a new trial.
Reversed and remanded.
COPE, J., concurs.