PER CURIAM.
Barbara and John Ross petition this court for a writ of certiorari quashing the protective order of the trial court which prohibited the Rosses from videotaping Margaret Hobbs’ deposition of Barbara Ross’s treating physician. We conclude that the order of the trial court constitutes a departure from the essential requirements of law resulting in a material injustice that cannot be remedied on direct appeal. We, therefore, grant the petition, issue the writ, and quash the trial court’s protective order.
The Rosses are plaintiffs in a personal injury lawsuit in which it is alleged that Barbara Ross sustained permanent injury as a result of Hobbs’ negligent operation of a motor vehicle. The complaint further alleged that John Ross suffered a loss of consortium as a result of the accident. Hobbs denied the material allegations of the complaint and raised various affirmative defenses. During the course of discovery, Hobbs noticed Barbara Ross’s treating physician for deposition and the Rosses noticed Hobbs that they would be videotaping the deposition. Hobbs filed a motion for protective order, asserting that to allow the videotaping of the deposition would be “an annoyance, oppressive and [would create] an undue burden on the defendant’s rights to conduct discovery under the Rules of Civil Procedure.” At the hearing on the motion for protective order, Hobbs argued that Florida Rule of Civil Procedure 1.310(b)(4) only authorized the party taking the deposition to videotape it where that party was taking the deposition for discovery purposes and not for use at trial. The Rosses argued that the rule permitted either party to videotape the deposition as a matter of right.
Rule 1.310(b)(4) states that “[a]ny deposition may be recorded by videotape without leave of court or stipulation of the parties, provided the deposition is taken in accordance with this subdivision.” Hobbs did not assert, either here or below, that she did not receive proper notice of the Rosses’ intent to videotape the deposition. There are no cases commenting on the issue of whether a party whose witness is being deposed by the opposing party may videotape the deposition of that witness. However, rule 1.310(b)(4), by its clear language, indicates that “[a]ny deposition” may be videotaped and the rule does not limit the videotaping of the deposition to the party taking the deposition. Furthermore, pursuant to Florida Rule of Civil Procedure 1.330(a)(3)(F), the Rosses may use Hobbs’ deposition of their treating physician at trial whether it is videotaped or not. See Robison By and Through Bugera v. Faine, 525 So.2d 903 (Fla. 3d DCA 1987) (“Florida Rule of Civil Procedure 1.330(a)(3)(F) permits the deposition of a witness, whether or not a party, to be used by any party for any purpose ‘if the court finds the witness is an expert or skilled witness.’ Rule 1.330(c). No special form of notice is necessary. Rule 1.390(b).”). We hold, therefore, that the trial court, in prohibiting the *957 Rosses from videotaping Barbara Ross’s doctor’s deposition, departed from the essential requirements of law; this resulted in a material injustice because it prevented the Rosses from using the videotape of the deposition at trial should the case not be amicably resolved. Furthermore, the error cannot be remedied on plenary appeal because there is no way to determine what effect the videotape of the deposition would have on the outcome of the trial should the Rosses choose to place it before the trier of fact.
Certiorari granted.
FRANK, A.C.J., and PATTERSON and WHATLEY, JJ., concur.