PER CURIAM.
Linda K. Roessler petitions this court for a writ of certiorari quashing a pretrial protective order which precludes her from videotaping Merrill Lynch’s initial deposition of her expert witness, John Reven. The order in question does allow, after a lapse of two business days, a second deposition by Merrill Lynch to be videotaped by Roessler for use at trial. Roessler *377 contends that the trial court departed from the essential requirements of the law in determining that Merrill Lynch should be allowed to depose her expert without videotaping the initial deposition. The deposition had already'taken place at the time Roessler filed her petition. We accordingly deny the petition. We write to express our view that the trial court’s order constituted a departure from the essential requirements of law.
In her argument to the trial court, Roessler relied upon Ross v. Hobbs, 705 So.2d 955 (Fla. 2d DCA 1998). In Ross, this court quashed a protective order which prohibited the videotaping of a treating physician’s deposition because the order departed from the essential requirements of the law and resulted in a material injustice to the petitioner. The trial court’s order in Ross, as does the order questioned here, prevented the petitioner from using the deposition at trial. This court held that the error could not be remedied on appeal because there was no way to determine the impact of the lack of the videotape on the jury and the outcome of the trial.
This case is indistinguishable from Ross. Florida Rule of Civil Procedure 1.310(b)(4) allows any deposition to be recorded by videotape. However, Roessler’s failure to file her petition until after the initial deposition had taken place deems the issue moot.
Petition for writ of certiorari denied.
WHATLEY, A.C.J., and NORTHCUTT and SALCINES, JJ., Concur.